**UNITED STATES of America**

v.

**Carl LEIBOWITZ.    (Two Cases)**

**Carl LEIBOWITZ, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Cr. Nos. SCR 87-2, SCR 87-26. Civ. No. S91-310.**

United States District Court, N.D. Indiana, South Bend Division.

Oct. 7, 1991.

Carl Leibowitz, pro se.

John F. Hoehner, U.S. Atty., South Bend, Ind., for U.S., for defendant.

## MEMORANDUM AND ORDER

### ALLEN SHARP, Chief Judge.

This court now takes up the *pro se* petition under 28 U.S.C. § 2255 of the defendant/petitioner, Carl Leibowitz.

As a preliminary, this court takes full judicial notice of the aforesaid cases in which Carl Leibowitz was charged as a defendant, and takes specific note of the decision in *United States v. Leibowitz*, 857 F.2d 373 (7th Cir.1988), *cert. denied*, 489 U.S. 1088, 109 S.Ct. 1552, 103 L.Ed.2d 855 (1989), and *United States v. Leibowitz*, 919 F.2d 482 (7th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 1428, 113 L.Ed.2d 480 (1991).

The response of the United States of America filed on September 6, 1991, provides the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). Mr. Leibowitz filed his reply to response on September 18, 1991.

The basic burden of proof here is with this petitioner. He filed the petition invoking 28 U.S.C. § 2255 and the United States of America filed a response on September 6, 1991. Mr. Leibowitz filed a reply on September 18, 1991, and the United States of America attempted to file a "reply" on October 3, 1991. Mr. Leibowitz is correct. The United States of America is not entitled to file a reply and the same is STRICKEN.

In this petition, Mr. Leibowitz for the first time asserts an argument framed under the Ex Facto Clause of the Constitution of the United States. *See* Article I, Section 9. Also, in Article I, Section 10 the same limitation is placed on the states.

Specifically, Mr. Leibowitz now asserts for the first time that his conviction under 18 U.S.C. § 1952A[1] does not stand because

---

**1.** What was Section 1952(A) has now been renumbered and is now found in 18 U.S.C. §§ 1958 and 1959, which state:

**§ 1958. Use of interstate commerce facilities in the commission of murder-for-hire**

(a) Whoever travels in or cases another (including the intended victim) to travel in interstate or foreign commerce, or uses or causes another (including the intended victim) to use the mail or any facility in interstate or foreign commerce, with intent that a murder be committed in violation of the laws of any State or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value, shall be fined not more than $10,000 or imprisoned for not more than ten years, or both; and if personal injury results, shall be fined not more than $20,000 and imprisoned for not more than twenty years, or both; and if death results, shall be subject to imprisonment for any term of years or for life, or shall be fined not more than $50,000, or both.

(b) As used in this section and section 1959—(1) "anything of pecuniary value" means anything of value in the form of money, a negotiable instrument, a commercial interest, or anything else the primary significance of which is economic advantage;

(2) "facility of interstate commerce" includes means of transportation and communication; and

(3) "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

**§ 1959. Violent crimes in aid of racketeering activity**

(a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished—

(1) for murder or kidnapping, by imprisonment for any term of years or for life or a fine of not more than $50,000, or both;

(2) for maiming, by imprisonment for not more than thirty years or a fine of not more than $30,000, or both;

the same was not in effect at the time the crime for which he was convicted was committed, invoking the Ex Post Facto Clause.

Notwithstanding the failure of Mr. Leibowitz and his various counsel to raise this issue either on direct appeal or on collateral review, the court will not bottom its decision on that failure, but will rather deal with the merits of his petition. This court perhaps could, and maybe should, deal with this as being procedurally defaulted under the most recent statement of that doctrine from the Supreme Court of the United States in *Ylst v. Nunnemaker*, — U.S. ——, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). However, the petitioner here has framed the issue in terms of jurisdiction and the court will resolve any doubts by dealing with the issue on its merits.

The Crime Control Act of 1984, P.L. 98–473 was approved and became generally effective on October 12, 1984. Its principal purpose was to enact a major comprehensive improvement of the criminal laws previously enacted by the Congress of the United States. These various changes included bail reform, sentencing, penalties for drug offenses and other amendments dealing with violent crimes. Chapter X, Section 1002 of the Act amended Chapter 95 of Title 18, U.S.C. by adding two sections, 1952A and 1952B. *See* P.L.No. 98–473, § 1002, 98 Stat. 2136–2137 (1984) (Sections 1952A and 1952B were renumbered and now appear as §§ 1958 and 1959. *See* P.L. 100–690, § 7053, 102 Stat. 4402 (1988).)

■ Mr. Leibowitz was convicted of violations of § 1952A under Counts 1, 2, 3 and 4 of the Superseding Indictment for activities which occurred between July 26, 1986 through December 17, 1986. Thus, this court must determine as a matter of law when the relevant portions of § 1952A became effective for purposes of this prosecution. This statute was signed by the President of the United States on October 12, 1984.

■ The Sentencing Reform Act, Sections 211 to 239, took effect on the first day of the first calendar month, thirty-six months from the date of its enactment or on November 1, 1987. *See* 18 U.S.C. § 3551; P.L.No. 99–217, § 4, 99 Stat. 1728 (1985). Unlike the Sentencing Reform Act sections, the language contained in § 1952A does not appear to contain an explicit effective date. The basic rule is that absent a clear and present direction by the Congress to the contrary, the law generally takes effect on the date of its enactment. The Supreme Court most recently ruled to this effect in *Gozlon–Peretz v. United States*, — U.S. ——, 111 S.Ct. 840, 846, 112 L.Ed.2d 919 (1991). To be sure, the Congress clearly intended the effective date of the Sentencing Reform Act in Chapter II and did so in specific language for very specific apparent reasons. Chapter X, containing § 1952A, has no such language, and therefore it is argued by the United States of America here that it was intended to take effect at the time of its enactment, namely, October 12, 1984.

A parallel provision of this Act is in Chapter X, Section 1005, adding Section 924(c), dealing with the mandatory penalty for use of a firearm during a federal crime of violence. Section 924(c) did not have any specified effective date, but it has been judicially determined to have taken effect on October 12, 1984. *See United States v.*

---

(3) for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine of not more than $20,000, or both;

(4) for threatening to commit a crime of violence, by imprisonment for not more than five years or a fine of not more than $5,000, or both;

(5) for attempting or conspiring to commit murder or kidnaping, by imprisonment for not more than ten years or a fine of not more than $10,000, or both; and

(6) for attempting or conspiring to commit a crime involving maiming, assault with a dangerous weapon, or assault resulting in serious bodily injury, by imprisonment for not more than three years or a fine of not more than $3,000, or both.

(b) As used in this section—

(1) "racketeering activity" has the meaning set forth in section 1961 of this title; and

(2) "enterprise" includes any partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity, which is engaged in, or the activities of which affect, interstate or foreign commerce.

*York,* 830 F.2d 885 (8th Cir.1987), *cert. denied,* 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988), and *United States v. Robinson,* 865 F.2d 171 (8th Cir.1989).

At this point, Mr. Leibowitz argues that Section 924(c) became effective on November 1, 1986, and supports this assertion by citing *United States v. Torres,* 809 F.2d 429, 431, n. 3 (7th Cir.1987). It is correct as indicated in a footnote in *United States v. Robinson, supra,* that § 924(a) had been amended in 1984 with an effective date of November 1, 1986, but that amendment had nothing to do with the enactment of Section 924(c). Section 924(c) was enacted under Chapter X, P.L. 98–473, Section 1005, 98 Stat. 1837, 2138 (1984). Section 1952A was also enacted under Chapter X, P.L. 98–473, Mr. Leibowitz argues that § 1952A and 924(c) were "logically intended to be linked to the enactment of the Sentencing Reform Act. With all deference, the decision of the Eighth Circuit in *United States v. York,* 830 F.2d at 885, and *United States v. Robinson,* 865 F.2d at 171, does not support this assertion and the distinction between the 924(a) and 924(c) as referred to *United States v. Torres,* 809 F.2d at 429, has already been explained.

Certainly, it is the obligation of this court to divine congressional intention as faithfully as possible. One must look first to the language that Congress chooses to use in the statute itself. When that language is clear, generally the inquiry may stop there. Certainly, under some circumstances, it is altogether appropriate for the court to look to various species of legislative history. In all of this, there are certain basic premises in rules of law, one of which is that already quoted by Justice Kennedy in *Gozlon–Peretz,* 111 S.Ct. at 840.

Another piece of this legislation was the Bail Reform Act. There is respectable judicial authority that that part of this massive piece of legislation has been held by this court to have taken effect when signed by the President of the United States on October 12, 1984. This court so ruled in *United States v. Chiattello,* 599 F.Supp. 970 (N.D.Ind.1985), and apparently is in respectable company. *See United States v. Affleck,* 765 F.2d 944, 948 (10th Cir. 1985). *See also United States v. Ferryman,* 897 F.2d 584, 589 (1st Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 90, 112 L.Ed.2d 62 (1990).

Mr. Leibowitz has a point that under many circumstances a congressionally enacted statute must be examined as a whole. This particular enactment contained a number of very precise differentiated sections dealing with specific segments of the criminal justice process.

A careful walk-through of the facial provisions of the Congressional enactment was signed by President Reagan on October 12, 1984, fails to support the assertion made here by Mr. Leibowitz that Section 1952A became effective some time after 1984, presumably under his argument on November 1, 1987. A careful analysis based on that walk-through simply does not support his contention.

Mr. Leibowitz also states a backup position which most certainly could have and should have been raised much earlier than this in this proceeding and this court is sorely tempted to impose the procedural default concept on it, but in the interest of caution will not do so. He attempts to make some argument that this statute Section 1952A is somehow void for vagueness. See this court's collection of cases in *Sherelis v. Duckworth,* 675 F.Supp. 1144 (N.D.Ind.1987).

This court in another context has revisited the concept under the Due Process Clause of both the Fifth and Fourteenth Amendments with regard to a criminal statute being void for vagueness, and dealt specifically with the landmark case of Justice Butler in *Lanzetta v. New Jersey,* 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939), and the significant dissenting opinion by Justice Frankfurter in *Winters v. New York,* 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840 (1948). Without belaboring the point greatly, there is no basis to hold this statute void for vagueness under those rationale and indeed under the rationale of *United States v. Ferryman,* 897 F.2d 584, 590 (1st Cir.1990). Basically, this is a

means merely of re-stating the earlier argument that the statute is void for vagueness because it does not contain an effective date. That alone is not enough to comply with the most liberal reading of the aforesaid Supreme Court decisions. This statute here is vastly more specific in its provisions than the one more than fifty years ago dealt with by Justice Butler.

Lastly, Mr. Leibowitz attempts to invoke the doctrine of lenity, which only comes into play when a court looks at legislative intent and is left with an ambiguous statute. *See Russello v. United States*, 464 U.S. 16, 104 S.Ct. 296, 78 L.Ed.2d 17 (1983). Under well-established Supreme Court doctrine, Section 1952A became effective on October 12, 1984, and there is no ambiguity in the legislative intent therefor. It is not ambiguous and, therefore, the rule of leniency does not here apply.

For all of these reasons, the petition for relief under 28 U.S.C. § 2255 is DENIED. IT IS SO ORDERED.