**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James BERRY, Defendant–Appellant.**

**No. 94–3732.**

United States Court of Appeals,
Seventh Circuit.

Argued May 18, 1995.

Decided July 10, 1995.

---

Barry Rand Elden, Asst. U.S. Atty., Brian Blanchard (argued), Office of the U.S. Atty., Crim. Receiving, Appellate Div., Chicago, IL, for plaintiff-appellee.

Eugene Steingold (argued), Chicago, IL, for defendant-appellant.

Before FLAUM and MANION, Circuit Judges, and SHARP, Chief District Judge.[*]

ALLEN SHARP, Chief District Judge.

This trial concluded on June 22, 1994, with the appellant convicted on all counts of a superseding and earlier indictment, charging violations of 18 U.S.C. §§ 924(a)(1)(A) and 922(a)(6). He was sentenced on October 17, 1994, to a 27–month term of imprisonment. This appeal followed. We have jurisdiction. We affirm.

### A.

▮ The appellant makes an argument with reference to the sufficiency of evidence, and that claim must be examined under the formulation of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). *See also United States v. Williams*, 33 F.3d 876, 878 (7th Cir.1994). On appellate review, this court evaluates a challenge to the sufficiency of evidence following a conviction by a jury by reviewing the evidence in the light most favorable to the government and drawing all reasonable inferences in its favor to determine if any rational jury could have found beyond a reasonable doubt the essential elements of the crime. The focus is on the jury's responsibility to determine the credibility of witnesses. *United States v. Patterson*, 23 F.3d 1239, 1244 (7th Cir.1994). Most recently, *see, United States v. Lahey*, 55 F.3d 1289 (7th Cir.1995). The appellant attempts to invoke *United States v. Fearn*, 589 F.2d 1316 (7th Cir.1978) with regard to a narrowly constructed rule referencing the corroboration of admissions or confessions by a defendant. Most recently, this court has specifically held that a defendant may not be convicted based on his uncorroborated admissions made after the crime has ended. *See United States v. Waldemer*, 50 F.3d 1379 (7th Cir.1995). *See also United States v. Mukovsky*, 863 F.2d 1319, 1325 (7th Cir. 1988), *cert. denied*, 489 U.S. 1067, 109 S.Ct. 1345, 103 L.Ed.2d 813 (1989).

The original indictment alleged six specified occasions between February 1992 and July 1993 at Breit and Johnson Sporting Goods in Oak Park, Illinois where this appellant did knowingly make false statements with respect to information required by federal law to be kept in the records of a federally licensed firearms dealer. The superseding indictment added five additional counts made under 18 U.S.C. § 922(a)(6) which prohibits intentional false statements intended or likely to deceive a firearms dealer in connection with acquisition of firearms. The superseding indictment involved the same firearms referred to in the original indictment and the same time period of February 1992 to July 1993.

The evidence most favorable to the verdict shows that Berry would go to the Breit & Johnson gun store in Elmwood Park, Illinois

---

[*] Chief District Judge Allen Sharp, Northern District of Indiana, sitting by designation.

and purchase handguns for individuals who could not do so on their own because they were convicted felons. At the time of each purchase, Berry would fill out Bureau of Alcohol, Tobacco and Firearms (BATF) Form 4473, as required by law. This form required the buyer to state his or her name and birth date, answer questions regarding the buyer's possible illegal drug use and felon or fugitive status, and sign his or her name as the buyer. Berry contests the jury's finding that he falsely stated on various Forms 4473 that he was not a user of illegal narcotics. Breit & Johnson would retain a portion of the Form 4473, which they referred to as a "gun sheet."

At the trial, Kenya Freeman, who had been granted immunity, testified that he had gone with Berry to the Breit and Johnson store, where Berry had purchased a gun for Freeman. Freeman further testified that Berry had then requested cocaine from Freeman. Freeman additionally testified that Berry stated he had been a "strawman" before.

The facts here simply do not benefit the appellant under the *Fearn–Mukovsky–Waldemer* line of authority. Here, to be sure, the evidence included a detailed confession made by this appellant a month after his arrest but there was more. The evidence also included testimony of Kenya Freeman and it was for the jury and it is not for this court to evaluate the credibility of witness Freeman. Also provided were ATF Forms 4473 and the so-called "pistol sheets" themselves, all of which squared up with the defendant's admissions at the time of his arrest and 30 days later. Thus, under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), any argument with regard to the insufficiency of the evidence fails.

### B.

■ The next issue which requires our specific attention has to do with the appellant's motions for continuance made after the filing of the superseding indictment on May 31, 1994. As indicated, there was a motion made by the appellant on June 1, 1994, for a "continuance to adequately investigate and prepare for trial on the superseding indict-

ment." On June 3, 1994, the appellant also moved for a continuance of the trial date long enough to allow the defendant to obtain a transcript of the suppression hearing. In neither of the motions was an exact time requested. The district court granted the motions to continue the trial date, excepting that the jury selection would be had on the date originally scheduled, namely, June 6, 1994, thereby giving the appellant more than two additional weeks' time in which to prepare for trial and to file any objections to the recommendation of the magistrate judge made on the motion to suppress. Actual presentation of evidence commenced on June 21, 1994. During this time frame, the appellant did in fact file written objections to the recommendations of the magistrate judge on the suppression issue. The district judge adopted the recommendations of the magistrate judge on the motion to suppress over the appellant's objection. The subjects of the motion to suppress were the statements by this appellant which were admitted in evidence during his trial and the issue of probable cause for his traffic stop and arrest under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Here, the appellant does not argue for an absolute continuance of 30 days following the return of the superseding indictment. Indeed, that argument would fly in the face of *United States v. Rojas–Contreras*, 474 U.S. 231, 106 S.Ct. 555, 88 L.Ed.2d 537 (1985). The *Rojas–Contreras* decision has been applied by this court in a consistent fashion. *See United States v. Rojas*, 783 F.2d 105, 107 (7th Cir.1986). The scheduling decision of Judge Aspen in this case is consistent with the docket and administrative needs of the district court and there is nothing in the record to indicate any actual prejudice to this appellant as the result of it.

■ The appellant also attempts to show prejudice in regard to an issue which came up in the trial related to the cocaine use by this appellant during the relevant period of time. The appellant's claim of surprise in this regard is disingenuous, to say the least. The appellant received from the government well in advance of the trial a signed state-

ment of this appellant to a federal agent, including the following admissions:

> On 6–29–93 Ducey went with me to [gun shop] Breit & Johnson, where I picked up the Hi Point pistol for Ducey. Ducey told me the gun was for personal use. Ducey payed [sic] me thirty dollars for buying the gun for him. Ducey later told me that the gun was picked up by the police in the alley, on the next day. I also know that Ducey is a Four Corner Hustler gang member and that he has employees who sell cocaine and heroin on the corner of Congress and Lotus.... I have previously purchased crack cocaine, in ten dollar amounts from Ducey's workers. I did not ask the people what they needed the guns for, I was just looking for a way to get high,....

That statement sent a clear signal to this appellant and his counsel that his regular use of crack cocaine at the time of the offense was intermingled with his participation in and motivation for the crimes charged in the superseding indictment.

The long and short of the continuance issue is that there is no prejudice whatsoever shown by the actions of the district court in scheduling and trying this case as above described.

### C.

The appellant further makes a constitutional challenge to U.S.C. § 922(a)(6), which states:

> (a) It shall be unlawful— ...
>
> (6) for any person in connection with the acquisition or attempted acquisition of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter.

More particularly, a challenge is made to ATF Form 4473 as being unconstitutionally vague. This court has enunciated the relevant standards for a vagueness claim:

> [I]t is not enough to conclude "that Congress might, without difficulty, have chosen '[c]learer and more precise language' equally easily.." *United States v. Powell,* 423 U.S. 87, 94 [96 S.Ct. 316, 321, 46 L.Ed.2d 228] (1975); [citation omitted]. Rather, "the void-for-vagueness doctrine requires only that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 357 [103 S.Ct. 1855, 1858, 75 L.Ed.2d 903] (1983) [additional citations omitted]. The second of these two aspects is more important that the first, *see id.,* 461 U.S. at 358, [103 S.Ct. at 1858–59], and bars criminal statutes "of such a standardless sweep [as to] allow [ ] policemen, prosecutors, and juries to pursue their personal predilections." *Smith v. Goguen,* 415 U.S. 566, 575, [94 S.Ct. 1242, 1248, 39 L.Ed.2d 605] (1974). "Vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis." *Maynard v. Cartwright,* 486 U.S. 356, 361 [108 S.Ct. 1853, 1857–58, 100 L.Ed.2d 372] (1988); [citation omitted].

*United States v. Jackson,* 935 F.2d 832, 838 (7th Cir.1991). Section 922(a)(6) by its own terms requires the prosecution to prove beyond a reasonable doubt that the defendant "knowingly" made a false statement in connection with the acquisition of a firearm. In this case, the jury was so instructed. This court will here assume without deciding that the same due process void for vagueness standards apply to the ATF Form 4473 as would generally apply to a federal criminal statute. Specifically, the form questions challenged are: "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, or narcotic drug or any other controlled substance?" Question 8(d). The vagueness challenge of this appellant to that

question is that the question does not precisely inquire from the firearms purchaser the most recent use of illegal narcotic drugs. The true test is not, as this appellant suggests, whether Form 4473 could have been written to specify some particular time period within which the firearms purchaser had been using or planned to use drugs, or that Congress could have narrowed the range of false statements prohibited under § 922(a)(6). This vagueness argument must be considered here in the context of the evidence presented in this case. The evidence in this case was that this appellant had been at the time of his arrest purchasing crack cocaine in user amounts from street sellers. In fact, the jury was told that this appellant was engaging in the charged illegal gun transactions for the precise purpose of obtaining money for illegal drugs. This evidence came before the jury from admissions of this appellant and was corroborated by the testimony of Kenya Freeman. This evidence certainly rendered this appellant a user of crack cocaine at the time he engaged in the firearms transactions and prepared and submitted the relevant 4473 forms. It is often possible to parade a list of horribles as to how a criminal statute might unjustly be applied. However, the focus needs to be how it could be properly applied in this case. *See United States v. Cherry,* 938 F.2d 748, 755 (7th Cir.1991). In *this case,* the illegal purchase of firearms and the submission of Forms 4473 and the illegal use of drugs by this appellant were contemporary events. Congress has chosen to criminalize the knowing making of material false statements in connection with the acquisition of firearms which statements are intended to or likely to deceive firearms dealers. The Treasury Department, which is basically charged with the enforcement of these statutes, created a form which requires that certain information be provided from all those who acquire firearms, and a principle focus is whether the purchaser is a user of narcotics or illegal controlled substances. Such is an altogether appropriate legislative concern of the Congress. Here, the defendant freely admitted that he was a regular cocaine user during the precise period covered by the charge in the indictment, and the various Forms 4473 which had

been submitted to the firearms dealers were indeed false. Thus, any vagueness claim fails. This statute is light years away from the classic application of void for vagueness made by Justice Butler in *Lanzetta v. New Jersey,* 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939). *See also, United States v. Leibowitz,* 779 F.Supp. 425 (N.D.Ind.1991).

### D.

█ The appellant makes a claim that the district court abused its discretion in denying a pretrial motion to preclude the government from introducing this appellant's admissions that he knew he was assisting a drug dealer and a gang member to obtain firearms. Certainly, Judge Aspen had to make a call on this subject under Rule 403 of the Federal Rules of Evidence. However, his call is well supported by recent authority in this court. *See United States v. Rodriguez,* 925 F.2d 1049, 1053 (7th Cir.1991), and *United States v. Lewis,* 910 F.2d 1367, 1372 (7th Cir.1990). The prosecution in this case did not attempt to prove that this appellant was himself a member of a criminal gang and the jury was not invited to convict him for that reason. The district court committed no error and acted carefully in regard to this delicate evidentiary judgment call.

### E.

█ An issue is raised with reference to the rulings of the district court in regard to the appellant's cross-examination of two of the government's witnesses, namely, Kenya Freeman and Ricky Welsh. These kinds of challenges are reviewable here for an abuse of discretion. *See United States v. Jackson,* 51 F.3d 646 (7th Cir.1995). *See also United States v. Robinson,* 956 F.2d 1388 (7th Cir. 1992).

█ Apparently, the thrust of the appellant's argument in regard to Freeman is that somehow the appellant was prevented from inquiring as to Freeman's use or non-use of drugs. The record simply belies any such imposed inhibition. In fact, the transcript clearly discloses that counsel for this appellant was permitted to ask whether Freeman was still using drugs and whether he had

been convicted of possession of controlled substance. Freeman admitted that he had been convicted of possession of controlled substance, admitted that he had used drugs, and admitted that he had sold them. In fact, the answers to these questions from Freeman formed a good deal of grist for the closing argument mill of this appellant. As an apparent afterthought, it now appears that appellant's counsel would like to have asked further questions along this line. However, he did a frontal assault on the credibility of Freeman in regard to drug use, and it is most difficult to discern how any of the rulings of the district court were in any way prejudicial to this appellant. Certainly, this tact has its limitations. *See United States v. Robinson,* 956 F.2d 1388, 1397 (7th Cir.1992), where it was decided a district court may bar cross-examination about a witness's illegal drug use when it is used for the sole purpose of making a general character attack. *See also, United States v. Cameron,* 814 F.2d 403, 405 (7th Cir.1987).

■ Special Agent Ricky Welsh was also a prosecution witness in this case and some challenge is made with regard to the limitations placed on his cross examination. Certainly, a witness may be impeached by prior inconsistent statements, but there is a proper way to do it. The proper way to do it was not chosen here. The context of this issue apparently was an effort to show that testimony given by Agent Welsh at trial was inconsistent with that which he had given at a suppression hearing. The subject matter had to do with the exact route taken by the appellant before his arrest. During the appellant's cross-examination of the Agent Welsh, his counsel asked a series of detailed questions regarding the route the appellant had taken. The government objected to the relevance of this line of questioning and the district court held a side bar conference in which appellant's counsel informed the court that he thought that the circumstances of the arrest were extremely important, adding that Welsh had given contradictory testimony on a prior occasion. At that side bar, the assistant United States attorney responded that the impeachment use of the prior statement might well be appropriate, but that appellant's counsel should be precluded from eliciting a series of irrelevant questions regarding the specifics of the stop and arrest of the defendant. Appellant's counsel responded that the prior testimony was indeed under oath and that he was trying to determine the circumstances of the traffic stop.

Certainly, the issue of probable cause for the stop and arrest was not before the jury. That issue had been raised and decided in a motion to suppress. When the entirety of the record is examined, the ruling of the district court is understandable and not an abuse of discretion. Although invited to do so, this court will decline the invitation to save this ruling on the basis of harmless error and will avoid a lengthy analysis under *Brecht v. Abrahamson,* 944 F.2d 1363 (7th Cir.1991), *cert. granted in part,* 504 U.S. 972, 112 S.Ct. 2937, 119 L.Ed.2d 563 (1992), *aff'd,* ——— U.S. ———, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993), and *O'Neal v. McAninch,* ——— U.S. ———, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995).

A passing reference is made by the appellant with reference to the district court's instructions regarding alternative theories of guilt. There is no indication that any objections were made under Rule 30, Federal Rules of Criminal Procedure. There is simply no argument to support such assertion.

### F.

■ Last of all, the appellant asserts that the district court committed clear error in finding that this appellant had not accepted responsibility under United States Sentencing Guideline § 3E1.1, a finding which resulted in a denial of a two-level reduction in the offense level under U.S.S.G. § 3E1.1(b). This particular application of the guidelines for acceptance of responsibility where a defendant has gone to trial and been convicted is a somewhat delicate subject recently dealt with with precision by Judge Bauer in *United States v. Velez,* 46 F.3d 688 (7th Cir.1995). In *Velez,* the defendants were convicted by a jury of drug trafficking and money laundering and the sentencing district judge denied them acceptance of responsibility under § 3E1.1. The relevant standard is worthy of a complete quotation here:

We give great deference to a trial judge's denial of an acceptance of responsibility reduction, reversing only if clearly erroneous. *United States v. Guadagno,* 970 F.2d 214, 224 (7th Cir.1992). Far from erroneous, the trial court's decision on this matter was perfectly consistent with the intent of the sentencing guidelines. Application Note 2 states:

> This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse. Conviction by trial, however, does not automatically preclude a defendant from consideration for such a reduction. In rare situations a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial. This may occur, for example, where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or to challenge the applicability of a statute to his conduct).

Velez's situation does not present us with one of the "rare situations" described in Application Note 2. Unsatisfied with the government's plea bargaining position, Velez opted to go to trial. By his choice, he automatically forced the government to prove his guilt beyond a reasonable doubt on all eight counts. Moreover, he challenged the government's evidence on four of those counts. The government did nothing to prevent Velez from pleading guilty to the seven counts to which he was willing to plead. In essence, Velez's position is that had he received a better deal from the government, he would have pleaded guilty and that his willingness alone should be sufficient to merit a reduction for acceptance of responsibility. Unfortunately for Velez, that is not what Congress had in mind in drafting this guideline. Congress deliberately excluded from section 3E1.1 consideration those defendants who proceed to trial to contest their factual guilt. A defendant's motivation for that decision is irrelevant.

Velez claims that by equating acceptance of responsibility with a guilty plea, the trial court put an unconstitutional condition on his right to trial. We considered and rejected this identical argument in *United States v. Saunders,* 973 F.2d 1354, 1362 (7th Cir.1992), cert. denied, —— U.S. ——, 113 S.Ct. 1026, 122 L.Ed.2d 171 (1993). The acceptance of responsibility reduction codifies the tradition of offering lenience to defendants in exchange for their entering a guilty plea, *United States v. Guadagno,* 970 F.2d 214, 226 (7th Cir.1992); a tradition that was deemed constitutional by the Supreme Court in *Corbitt v. New Jersey,* 439 U.S. 212, 219, 99 S.Ct. 492, 497–98, 58 L.Ed.2d 466 (1978). Contrary to Velez's claim, the rule is not a bright line determination. As the Application Note quoted above makes clear, there remain instances in which a defendant may go to trial and still benefit from the reduction. Conversely, a defendant who pleads guilty is not automatically entitled to the reduction. U.S.S.G. § 3E1.1, Application Note 3. There is no indication that the trial court deviated in any way from this interpretation. We, therefore, reject Velez's challenge to the constitutionality of the trial court's application of the sentencing guidelines.

46 F.3d at 693–94. *See also United States v. Osmani,* 20 F.3d 266, 269 (7th Cir.1994), and for a most recent reaffirmation, *see, United States v. Curley,* 55 F.3d 254 (7th Cir.1995). Here, the appellant initially lied and claimed that all three of the 9–millimeter pistols he had just obtained were for his own use and at first in an interview with the probation officer, belittled the crimes and only belatedly expressed remorse. The totality of the record in this case before the district court belies a mandatory basis for this district judge to give this appellant the two-level reduction for acceptance of responsibility. Neither is this the situation in which a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct, even though exercising his constitutional right to trial. The treatment of this court here is well consistent with Application Note

Two as previously analyzed by this court in *Velez* and *Guadagno.*

As the application note emphasizes, the focus should be on pretrial statements and conduct of the defendant. However, this defendant's initial statement to the probation officer is certainly worthy of consideration and is well within the district judge's discretion to consider the same. This sentencing district judge could well have concluded from the record that even after trial, this appellant was not impressed appropriately with the seriousness of this crime. Even though the district court certainly did not have the *Velez* case available at the time of sentencing, the decision with regard to acceptance of responsibility is well within its teaching. Elsewhere, the same analysis has been made. *See, United States v. Mitchell,* 49 F.3d 769, 783 (D.C.Cir.1995) and *United States v. Janus Industries,* 48 F.3d 1548, 1560 (10th Cir. 1995).

None of the claims made here by this defendant represent reversible error and, therefore, the conviction and sentence of this appellant is now AFFIRMED.