**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth A. CUNNINGHAM,**
**Defendant–Appellant.**

**No. 96–1419.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 13, 1996.

Decided Dec. 27, 1996.

Lisa Huestis, Debra Riggs Bonamici, argued, Office of the United States Attorney, Criminal Division, Chicago, IL, Barry Rand Elden, Chief of Appeals, Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, for Plaintiff–Appellee.

Frank Lipuma, argued, Chicago,IL, for Defendant–Appellant.

Before CUMMINGS, RIPPLE and DIANE P. WOOD, Circuit Judges.

RIPPLE, Circuit Judge.

Kenneth Cunningham appeals the decision of the district court denying him a downward sentencing departure for acceptance of responsibility. For the reasons set forth in the following opinion, we affirm the judgment of the district court.

## I

## BACKGROUND

Kenneth Cunningham robbed four banks. He was apprehended as he fled from the fourth robbery, and shortly after his arrest he confessed to the other three. A grand jury indicted Mr. Cunningham on four counts of bank robbery. *See* 18 U.S.C. § 2113(a). Mr. Cunningham was willing to stipulate, but not to plead guilty, to three of the robberies. The government, however, was not willing to enter into a plea agreement unless Mr. Cunningham pleaded guilty to all four robberies. Without a judgment of guilt with respect to three robberies, Mr. Cunningham would not have been eligible in the future for the sanctions available under 18 U.S.C. § 924(e).[1] If Mr. Cunningham had been convicted of only one of the four robberies in the present case, and then convicted in the future of a federal firearm offense in violation of 18 U.S.C. § 922(g),[2] the recidivist statute, § 924(e), would not be implicated, and he would not receive the fifteen-year minimum sentence contemplated by § 924(e). Mr. Cunningham submitted that the government's policy of requiring violent repeat offenders to plead guilty to all counts because of the possibility of future offenses and resulting enhanced sentences for recidivism was arbitrary and unfair.

Because Mr. Cunningham refused to plead guilty to the remaining three counts, a jury trial was held. The defense offered no evidence, contested no arguments, raised no objections, and stipulated to virtually all of the government's submissions. Mr. Cunningham was convicted by the jury. At sentencing on February 8, 1996,[3] the government refused to endorse a reduction for acceptance of responsibility; the district court agreed. In the district court's view, Mr. Cunningham refused to plead guilty in an effort to avoid the multiple convictions that would invoke the significantly enhanced sentence of the recidivist statute if he were to commit, in the future, a federal firearm offense. Relying upon *United States v. Gomez*, 24 F.3d 924 (7th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 280, 130 L.Ed.2d 196 (1994), the court reasoned that "a defendant who admits to guilt but refuses to plead guilty on the ground that he might be subject to a heavier penalty if he commits another crime of violence" has not accepted responsibility. R.51. The court believed that "one aspect of acceptance of responsibility is a decision not to engage in additional criminal conduct." *Id.*

The district court also relied upon Mr. Cunningham's behavior at sentencing. The court found that Mr. Cunningham "indicated no remorse, berated both his attorney and the court, and stated that he had not committed any violent crimes and that that was the reason he robbed banks. He found all of the proceedings involving him to be unfair." *Id.*

## II

## DISCUSSION

■ A sentencing court's acceptance of responsibility determination is a factual finding

---

**1.** 18 U.S.C. § 924(e), the armed career criminal statute, is intended to punish recidivist behavior. It states in part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions ... for a violent felony ... committed on occasions different from one another, such person shall be ... imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

18 U.S.C. § 924(e)(1).

**2.** Section 922(g) provides in relevant part: "It shall be unlawful for any person—(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition...." 18 U.S.C. § 922(g).

**3.** The sentencing guidelines effective as of November 1, 1995 are applicable.

which we review for clear error. *United States v. Townsend,* 73 F.3d 747, 754 (7th Cir.1996). Great deference is due to the sentencing judge who made the acceptance of responsibility determination. *United States v. Guadagno,* 970 F.2d 214, 224 (7th Cir. 1992), *cited in United States v. Velez,* 46 F.3d 688, 693 (7th Cir.1995). "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.5), *cited in United States v. Akindele,* 84 F.3d 948, 956 (7th Cir.1996). "[A]n appellate court is ill-equipped to assess whether a particular defendant is motivated by genuine acceptance of responsibility or by a self-serving desire to minimize his own punishment. Unlike the district court judge, we do not enjoy a 'front row seat' from which to assess [the defendant's] statements and demeanor." *United States v. Taylor,* 72 F.3d 533, 551–52 (7th Cir.1995) (quoting *United States v. White,* 993 F.2d 147, 151 (7th Cir.1993)), *quoted in Akindele,* 84 F.3d at 957.

In this appeal, Mr. Cunningham contends that, in spite of his efforts to avoid application of the recidivist statute to future firearm possessions and in spite of his behavior at his sentencing hearing, he was entitled to a departure for acceptance of responsibility because he never wavered from admitting the essential factual elements of his guilt and submitted a forceful written statement of remorse.

Section 3E1.1 of the Sentencing Guidelines sets forth the requirements for an acceptance of responsibility reduction. A two-level reduction in offense level is mandated if the defendant "clearly demonstrates acceptance of responsibility." U.S.S.G. § 3E1.1(a). Another one-level reduction applies if, before the section 3E1.1(a) two-level reduction, the offense level was 16 or greater and if the defendant cooperated with the government in his own prosecution by either "timely providing complete information to the government concerning his own involvement in the offense; or ... timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." U.S.S.G.

§ 3E1.1(b). The language of the acceptance of responsibility guideline is mandatory, not permissive. *Townsend,* 73 F.3d at 755 ("When a defendant demonstrates that he is qualified for the decrease, the guideline orders the decrease.").

■ Nevertheless, the acceptance of responsibility reduction is "not a bright line determination." *Velez,* 46 F.3d at 694. The Guidelines offer a nonexclusive list of actions that could support a finding of acceptance of responsibility. However, "the sentencing judge is required to look beyond formalistic expressions of culpability and to determine whether the defendant has manifested an acceptance of personal responsibility for his offense in a moral sense." *United States v. Hammick,* 36 F.3d 594, 600 (7th Cir.1994) (citing *United States v. Panadero,* 7 F.3d 691, 694 (7th Cir.1993)). It is the defendant's burden to "clearly demonstrate" acceptance of responsibility by a preponderance of the evidence. *United States v. Tolson,* 988 F.2d 1494, 1497 (7th Cir.1993), *cited in United States v. Morris,* 76 F.3d 171, 176 (7th Cir. 1996). As a general rule, the acceptance of responsibility reduction is not meant to be available for defendants who go to trial to contest "the essential factual elements of guilt." U.S.S.G. § 3E1.1, comment. (n.2); *Velez,* 46 F.3d at 694; *Gomez,* 24 F.3d at 926. Instead, the provision is designed in part to help the government and the judiciary avoid the time and expense of trial. U.S.S.G. § 3E1.1(b)(2); *Gomez,* 24 F.3d at 926. On the other hand, "[c]onviction by trial ... does not automatically preclude" application of the acceptance of responsibility adjustment. U.S.S.G. § 3E1.1, comment. (n.2). A defendant may "go[ ] to trial to assert and preserve issues that do not relate to factual guilt," such as constitutional challenges to the relevant statute or challenges to the applicability of a certain statute, and still be eligible for a section 3E1.1 reduction. *Id.*

■ Mr. Cunningham perpetrated four distinct and serious crimes of violence. The government therefore took steps to ensure that he was held accountable for the full extent of his conduct, not only in terms of the sanction imposed for the crime but also in terms of society's capacity to deter any fu-

ture violence from his hands. To put it mildly, we cannot characterize the government's solicitude for the future safety of those who might encounter a four-time bank robber to be an abuse of prosecutorial discretion. It is important to remember that the government was under no duty to bargain with the defendant at all. We certainly cannot fault those with responsibility for the safety of the American people for bargaining in a way that promotes the statutory goals of deterring and punishing recidivist behavior.

For similar reasons, we believe that the district court was on solid ground in refusing the departure. The court had ample reason to believe that a defendant so intent on limiting his exposure under a recidivist statute for crimes yet uncommitted has hardly accepted responsibility. In *Gomez,* this court found that a defendant's unwillingness to take "any step implying that he would refrain from criminal activity in the future" constituted the "antithesis of acceptance of responsibility." 24 F.3d at 926. The act of minimizing in advance the consequences of possible future criminal activity certainly permits a district court to conclude that the defendant has not decided to change his ways and believes that the odds of his reappearance in the criminal justice system are strong. The district court's reliance on *Gomez* was not error; it was sound analysis. In *United States v. Pryor,* this court held that the acceptance of responsibility reduction is designed in part to "presage a lower risk of recidivism." 32 F.3d 1192, 1195 (7th Cir.1994). An act by a defendant which is contrary to the commitment to live in compliance with the law for the rest of his days is not amenable to a finding of true remorse and contrition and cannot support a finding of acceptance of responsibility. It is true that no one can say for certain what the future holds, but it is possible to make a commitment to shape one's behavior in a way that assumes an abstention from future illegal conduct. Any expression to the contrary may be weighed by the district court in making that determination.

The district court also based the acceptance of responsibility determination on Mr. Cunningham's assertion during sentencing that his crimes were not violent. Minimizing the significance of the offense is inherently contrary to true acceptance of responsibility. *United States v. Berry,* 60 F.3d 288, 295–96 (7th Cir.1995). Mr. Cunningham committed four separate bank robberies. Bank robbery is a violent crime under any circumstances. The mere entry of the thief into a banking establishment with the intent to take forcibly money from the bank tellers unleashes a virtual certainty of fear and an unpredictable possibility of serious injury or death. At oral argument, counsel for Mr. Cunningham contended that Mr. Cunningham never said his crimes were not violent. Actually, counsel urged, Mr. Cunningham said that he was not a violent person. Counsel is correct. That is precisely what Mr. Cunningham stated at sentencing. However, he made that statement within the context of many other statements, not the least significant of which was his explanation that he chose the occupation of robbing banks so that no one would get hurt. It was not error for the district court to conclude that Mr. Cunningham minimized the seriousness of his bank robberies; it was not error to conclude that such minimization was contrary to acceptance of responsibility.

Finally, the district court found that Mr. Cunningham's statements at sentencing revealed that he saw himself as a victim. Mr. Cunningham told the judge that he believed the proceedings against him had not been fair and that his sentence was, when compared to those imposed on other criminals, harsh. Moreover, when the court rejected the acceptance of responsibility reduction, Mr. Cunningham asked the judge if she had been awake during his trial and indicated that he believed he would have been acquitted had he not signed the stipulations. At oral argument, counsel for Mr. Cunningham insisted that his client was simply agitated and confused at sentencing and that his expressions were hasty and not sincere. Mr. Cunningham argues that his written statement submitted to the court prior to sentencing is a more authentic account of his genuine feelings of contrition. In that letter, Mr. Cunningham expressed remorse for the suffering of his family and the bank tellers and stated interest in getting substance abuse treatment and vocational training while incarcerated.

The district court determined that Mr. Cunningham's behavior at sentencing was inconsistent with his earlier written submission. The sentencing judge is in a better position to make credibility determinations. *Akindele*, 84 F.3d at 957. The judge observed the defendant present in the courtroom throughout the case and was better able to compare the sincerity of the written to the live words offered by Mr. Cunningham. We shall not second-guess that judgment.

Conclusion

For the foregoing reasons, the judgment of the district court is affirmed.

AFFIRMED.