UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 19, 2006
Decided July 24, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

No. 05-4279

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> ROBERT A. COLLINS, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division <br><br> No. 3:03-CR-00046 <br><br> Robert L. Miller, Jr., <br> *Chief Judge.* |

**O R D E R**

Robert Collins was indicted and convicted by a jury on one count of possession of firearms as a felon. 18 U.S.C. § 922(g)(1). The facts underlying that conviction are set out in *United States v. Collins*, 110 Fed. App. 701 (7th Cir. 2004), an interlocutory appeal in which we overturned the district court's decision to suppress the firearms as evidence. The district court sentenced him to 48 months' imprisonment, within the advisory guideline sentencing range of 46 to 57 months. Collins' appointed counsel, asserting that there are no nonfrivolous issues on which to base an appeal, now moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). We confine our review to the issues identified by counsel's facially adequate brief and the reply Collins filed under Circuit Rule 51(b). *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel, who did not represent Collins in the district court, first considers an appeal based on the court's denial of a *pro se* motion that Collins filed on the day of trial requesting a new appointed attorney. Collins argued that his trial counsel had "blackmailed" him by telling him that he "did not see any legal defense" to the charges and advising him that a guilty plea would probably result in a lower sentence. We agree that it would be frivolous to proceed on this issue. We would review such a claim for abuse of discretion by considering factors including "the adequacy of the court's inquiry into the motion" and whether there was "a total lack of communication preventing an adequate defense." *United States v. Harris*, 394 F.3d 543, 552 (7th Cir. 2005); *United States v. Bjorkman*, 270 F.3d 482, 500 (7th Cir. 2001). There must not have been a total lack of communication; in his motion, Collins acknowledged that he had "continuously been in contact" with his trial counsel. And Collins was able to fully articulate his displeasure with his counsel, both in his motion and in open court where the judge discussed the matter with him. We have held that engaging the defendant and inquiring into the basis for his dissatisfaction is an adequate inquiry on the part of the district court. *Bjorkman*, 270 F.3d at 501; *cf. United States v. Zillges*, 978 F.2d 369, 372 (7th Cir. 1992) (district court's inquiry into defendant's motion was insufficient where it failed to seek "reasons for his dissatisfaction with counsel"). Because Collins was communicating with his trial counsel and the district court inquired into his complaints regarding trial counsel's performance, it would be futile to argue on appeal that the district court abused its discretion by denying the motion.

Counsel next weighs an argument that the district court erred by denying another *pro se* motion Collins made on the day of trial, requesting that the judge recuse himself. Collins was apparently concerned that the judge, who had presided in 1986 over a civil suit that he had filed, was biased. The judge denied the motion because it set forth no grounds for recusal under 28 U.S.C. § 455 or 28 U.S.C. § 144. Because a pretrial petition for mandamus is necessary for us to review a claim under § 455(a), we could review the denial of that motion only under § 144. *See O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 987 (7th Cir. 2001). And § 144 requires that a party submit, at least ten days before the commencement of proceedings, an affidavit including "the facts and the reasons for the belief that bias or prejudice exists" and a "certificate of counsel of record stating that it is made in good faith." Collins submitted his motion on the first day of trial and without an affidavit or certificate of counsel. Collins' motion was untimely and failed to meet the statutory requirements, so it would be frivolous to argue on appeal that the district court erred by rejecting it.

Counsel next considers a potential argument that the district court erred in overruling objections that he made at trial to the government's expert testimony. Collins objected to the testimony of Special Agent James Cronin of the Bureau of

Alcohol, Tobacco, and Firearms, who gave his opinion of the origin of Collins' firearms. *See* 18 U.S.C. § 922(g)(1); *United States v. Caldwell*, 423 F.3d 754, 757-78 (7th Cir. 2005) (prosecution must prove that firearms traveled in or affected interstate commerce). Based on his training and experience, Cronin testified, he did not believe that any of the three weapons were made in Indiana. Collins' trial counsel argued first that the testimony lacked the evidentiary foundation required by Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993). The district court overruled the objection, ruling that Cronin was an expert for the purposes of Fed. R. Evid. 702 due to his "years of training and experience with the ATF," and that Cronin "relied on information of the sort that other experts in the field reasonably relied upon." Rule 702 requires that an expert's testimony be "based on sufficient facts and data," and that the expert apply "reliable principles and methods" to the facts of the case. Here, Cronin relied on common and approved methods, including visual inspection of the weapons, research, and consultations with other experts. We have "sanctioned the reliance of trial courts on established law enforcement methodologies to fulfill the mandate of Rule 702," and expert testimony in particular "has been admitted frequently in firearms prosecutions to establish that the firearm in question traveled in interstate commerce." *United States v. Conn*, 297 F.3d 548, 556 (7th Cir. 2002). Given Cronin's qualifications as an expert and the soundness of his methods under Rule 702, it would be frivolous to contend on appeal that his testimony should have been ruled inadmissible.

Collins also objected to Special Agent Cronin's testimony on the grounds that it ran afoul of *Crawford v. Washington*, 541 U.S. 36 (2004), which held that under the Confrontation Clause, "testimonial statements" from a declarant who is available to testify and whom the defendant has been unable to cross-examine are inadmissable. *See also United States v. Gilbertson*, 435 F.3d 790, 795 (7th Cir. 2006). Cronin cited his consultations with "various experts in the field, one of them being John Finney who is in our office" as part of the basis for his expert opinion. Collins' trial counsel argued that this testimony improperly introduced a testimonial statement because it referenced information gleaned from an out-of-court declarant. But Cronin's testimony did not include any statement or opinion attributable to Finney; we do not even know whether Finney agreed with Cronin's ultimate conclusion. Cronin merely noted that he had consulted with Finney before forming his opinion as to where the guns had been manufactured. It would be frivolous to argue on appeal that Cronin introduced testimonial statements on Finney's part simply by mentioning that a consultation had occurred.

Finally, counsel considers an argument that the district court erroneously refused Collins' request for a sentence below the advisory guidelines range. Collins' trial counsel had argued that his sentence should reflect his honest belief that he was entitled to own the firearms and his alleged lack of intent to do violence with them. But Collins' sentence was within the properly calculated guideline range,

and is therefore presumptively reasonable under *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Because our review would merely inquire as to "whether the district court considered the appropriate range of factors and arrived at a reasonable sentence," it would be frivolous to argue that Collins' arguments required the district court to exercise its discretion in his favor. *United States v. Laufle*, 433 F.3d 981, 988 (7th Cir. 2006).

In his Rule 51(b) response, Collins argues that his trial counsel was ineffective for, among other things, coercing him into testifying against his will. Such claims are better reserved for a later motion under 28 U.S.C. § 2255, at which point the record may be further developed. *See Massaro v. United States*, 538 U.S. 500, 504(2003); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Collins also argues that he could challenge the court's application of the sentencing guidelines, either because the guidelines are no longer an appropriate consideration for a sentencing court or because he deserved a below-range sentence. But the sentencing court was explicitly required to consider the advisory guidelines, *see* 18 U.S.C. § 3553(a)(4)(A), and a challenge to its discretionary decision to sentence Collins within that range would be frivolous, as noted above.

Collins also suggests appealing the district court's decision to not award him a three-point reduction for "truthful cooperation" in admitting to his prior felony conviction on the stand. This would be a frivolous contention on appeal, because downward adjustments under U.S.S.G. § 3E1.1 are intended "to help the government and the judiciary avoid the time and expense of trial" and thus are generally unavailable to defendants who exercise their right to a trial. *United States v. Cunningham*, 103 F.3d 596, 598 (7th Cir. 1996). Collins also suggests that despite his admission on the stand, the jury never actually found that he was a felon in possession of firearms. But the jury returned a verdict finding Collins "guilty of possession of a firearm after conviction of a felony, as charged in the indictment," so this, too, would be a frivolous contention on appeal.

Finally, Collins contends that he could pursue an appeal based on the admission of evidence discovered during what he characterized as an illegal search of his apartment. But we decided that precise issue in the earlier interlocutory appeal. Although we acknowledged that it was "a very close case," the officers' warrantless entry into Collins' apartment was justified by exigent circumstances. *See Collins*, 110 Fed. App. at 704. It would be frivolous to base an appeal of his conviction on issues that this court has already decided.

We accordingly GRANT the motion to withdraw and DISMISS the appeal.