132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Frank E. KOSMICKI, Defendant-Appellant.
 No. 97-1568.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 25, 1997.
Decided December 3, 1997.
 
 Appeal from the United States District Court for the Western District of Wisconsin, No. 3:96CR00053-001; John C. Shabaz, Judge.
 Before FAIRCHILD, CUMMINGS, MANION, Circuit Judges.
 ORDER
 Frank Kosmicki pleaded guilty to one count of conspiring to distribute cocaine in violation of 21 U.S.C. § 846 and was sentenced to 168 months' imprisonment, a five-year term of supervised release, and a $50 criminal assessment. Kosmicki's counsel filed a notice of appeal but now seeks to withdraw under Anders v. California, 386 U.S. 738 (1967), because he considers an appeal to be without merit or possibility of success Kosmicki was notified of the opportunity to file a response to the Anders motion pursuant to Circuit Rule 51(a), which be has done. Because counsel's Anders brief is adequate on its face, we limit review of the record to those issues raised in counsel's brief and Kosmicki's response. United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996); United States v. Tabb, 125 F.3d 583, 584 (7th Cir.1997). We note that Kosmicki doe snot ask to withdraw his guilty plea, and thus we need not examine the validity of his conviction. See Wagner, 103 F.3d at 552. We grant counsel's motion to withdraw and dismiss the appeal.
 Kosmicki was arrested on July 29, 1996, after selling two ounces of cocaine to an undercover law enforcement officer. Cynthia Fritz, who had purchased cocaine from Kosmicki on numerous occasions, was arrested on July 31, 1996. Prior to her arrest, she was interviewed by authorities and stated that Kosmicki called her from jail and told her not to say anything to the authorities if they were to ask her questions about Kosmicki. She also told authorities that he said that if she did say anything, she should indicate that the quantities were small, and implied that she should not discuss money transfers that were used in their drug transactions. See PSR, p 53. The PSR recommended a two-level enhancement to Kosmicki's base offense level for obstruction of justice under U.S.S.G. § 3C1.1 and no reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) based on this telephone call with Fritz.
 
 
 1
 Kosmicki filed two objections to the PSR. Although acknowledging that he called Fritz while he was in jail, Kosmicki noted that in an interview with authorities two days before the phone call, he had waived his rights and had provided them with details of his history of drug dealing with Fritz. Kosmicki appeared to argue that his subsequent phone call to Fritz does not outweigh the information provided to authorities three days earlier, and thus should not be used to enhance his sentence for an obstruction of justice. In a related argument, Kosmicki asserted that he should have received the reduction for acceptance of responsibility because he admitted his involvement in the conspiracy early on and pleaded guilty. Kosmicki objected to the statement in the PSR that he should not receive the reduction, in part, because he tested positive for having used marijuana and was arrested for driving without a license, both while under pretrial services supervision.
 
 
 2
 Counsel states that the only ground on which Kosmicki might appeal would be the failure to reduce the offense level for acceptance of responsibility. Counsel argues, however, that this ground would be frivolous and thus seeks to withdraw. We agree. A sentencing court's acceptance of responsibility determination is a factual finding which we review for clear error. United States v. Cunningham, 103 F.3d 596, 597-98 (7th Cir.1996). The district court noted that Kosmicki not only violated conditions of his supervised release but, more important, also attempted to influence a witness to provide false information to authorities While he did confess to participating in the conspiracy, he attempted to manipulate information regarding his role in the conspiracy in a blatant effort to mitigate his punishment. Indeed, the PSR indicates that Fritz initially lied about the amount per ounce that she had been paying Kosmicki for the cocaine in an attempt to "keep the quantities small" as Kosmicki instructed her during the phone call. See PSR, p 54. "Whether a defendant has fully accepted responsibility for his offense is ... based largely on the district judge's determinations regarding the defendant's credibility and conduct bearing upon the question of whether the defendant has in fact accepted responsibility." United States v. Schaefer, 107 F.3d 1280, 1289 (7th Cir.1997). We could not conclude that the district court erred in failing to reduce the offense level based on an acceptance of responsibility considering Kosmicki's conduct subsequent to his admissions. Accordingly, any claim based on this ground on appeal would be frivolous.
 
 
 3
 In his response to counsel's Anders filing, Kosmicki argues not only that the district court erred in denying the reduction for acceptance of responsibility, which we have just rejected, but also that the district court erred in imposing a two-level enhancement for obstruction of justice. He asserts that the government overreached by taking advantage of ambiguous terms in the plea agreement. Specifically, he asserts that the plea agreement prohibited the government from pursuing any other federal charges based on the conduct detailed in the plea agreement, and that, in enhancing his offense level based on an obstruction of justice, the government has done what the pleas agreement prohibits.
 
 
 4
 Kosmicki's argument, however, is based on a misperception. The enhancement for an obstruction of justice was not a separate violation, but was an enhancement for improper conduct related to his conviction of one count of conspiracy. The plea agreement does not state that sentencing enhancements could not be imposed. In fact, the agreement specifically states that "[t]he defendant understands that any guideline computation discussions are not part of the plea agreement" and that he "should not rely upon the possibility of a particular sentence based upon any guideline computation discussions between defense counsel and the United States." Plea Agreement at p 9. Further, the agreement states that "the defendant acknowledges his understanding that the United States has made no promises or guarantees regarding the sentence which will be imposed." Id. at p 10. The government could not breach the plea agreement because promises or agreements were not made regarding the sentence to be imposed on Kosmicki. Accordingly, this argument is frivolous
 
 
 5
 Before filing his response to the Anders brief, Kosmicki filed a "Motion for Leave to Withdraw Anders Brief and To Appoint New Counsel." In addition to raising his claims of obstruction of justice and acceptance of responsibility, he raises additional claims which were not presented to the district court. Accordingly, these arguments would be waived on appeal and we could review his claims regarding the propriety of his sentence only for plain error. See United States v. Burke, 125 F.3d 401, 405 (7th Cir.1997). First, we note that, contrary to Kosmicki's assertions, counsel need not have informed Kosmicki of his intent to seek to withdraw from the case.
 
 
 6
 Kosmicki also argues that he was not capable of producing the quantities of drugs for which he was held responsible. In calculating the base level offense for a defendant based upon an amount of drugs attributable to the defendant, "[i]t is ... crucial that the information the district court relies on ... have 'sufficient indicia of reliability to support its probable accuracy.' " United States v. Acosta, 85 F.3d 275, 282 (7th Cir1996). This is particularly true in drug convictions where "the quantity of drugs attributed to a defendant in a narcotics trafficking case is frequently the single most important determinant of the length of time of the defendant's sentence under the Guidelines." Id. at 281-82. At sentencing, the-government bears the burden of proving the amount of drugs attributable to the defendant by a preponderance of the evidence. United States v. Beler, 20 F.3d 1428, 1431 (7th Cir.1994)
 
 
 7
 Here, the district court relied on the information contained in the PSR that the amount of cocaine attributable to Kosmicki was 1.8 Kilograms, and noted that the amount was "without dispute." Tr. of Sent. Hearing at 35. "[W]here a court relies on a PSR in sentencing, it is the defendant's task to show the trial judge that the facts contained in the PSR are inaccurate." United States v. Mustread, 42 F.3d 1097, 1102-03 (7th Cir.1994) (citing United States v. Coonce, 961 F.2d 1268, 1280-81 (7th Cir.1992)). The defendant may not meet his burden simply through "bare denials." Id. at 1102. However, if the PSR relies solely upon a "naked or unsupported charge," the defendant may rebut the reliability of the PSR through a bare denial. Id. Here, Kosmicki provides no support whatsoever for his assertion that the amount of drugs attributed to him was incorrect. Alternatively, the PSR relies upon amounts Kosmicki actually sold to an undercover agent and upon an estimated amount based upon the checks written to him by a codefendant and wire transfers made to him through Western Union. See PSR, p 60. Accordingly, an argument on this ground would be frivolous.
 
 
 8
 In a related argument, Kosmicki asserts that he improperly was held accountable for all of the relevant conduct of the conspiracy. "A defendant who pleads guilty to a conspiracy charge is held accountable, for purposes of determining his relevant conduct and the applicable guideline range, for al drug transactions that he was aware of or that he should have reasonably foreseen." United States v. Wagner, 996 F.2d 906, 913 (7th Cir.1993). The PSR indicates that Kosmicki dealt cocaine to numerous individuals from late 1992 to mid-1996. Bank records from a co-conspirator show that Kosmicki endorsed approximately $40,000 in checks written from the co-conspirator's checking account from mid-1992 to mid-1994. Western Union records indicate that Kosmicki or an associate received approximately $34,800 in wire transfers believed to be related to the drug conspiracy at issue. In addition, other witnesses stated that they had provided an additional $14,000 to Kosmicki in cash or wire transfers for a total of approximately $90,000 in funds received from the drug transactions. At a price of $1,500 an ounce[1], this would equal approximately 1.7 kilograms of cocaine attributed to Kosmicki in addition to the amounts Kosmicki sold directly to a special agent for a total of 1.8 kilograms of cocaine. Kosmicki clearly was aware that the money he received was for cocaine, and it properly was attributed to him as relevant conduct. See United States v. Townsend, 73 F.3d 747, 753 (7th Cir.1996) (stating that this court has "recognized that wire transfer receipts can support an inference of drug transactions" and concluding that the district court's determination of relevant conduct based in part on the wire transfers was not clearly erroneous).
 
 
 9
 Kosmicki's argument that the district court erred by enhancing his base offense level for his role as a manager or supervisor under U.S.S.G. § 3B1.l(b) without inquiring into his role in the offense also lacks merit. Section 3B1.1 lists several factors which are to be included when considering an enhancement under this section, including "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of of the illegal activity, and the degree of control and authority exercised over others." U.S.C.G. § 3B1.1 (comment. n. 4). "The central purpose of § 3B1.1 is to punish a defendant for his relative responsibility within a criminal organization. Hence, no single factor is essential to determining whether a sentence should be adjusted under § 3B1.1." United States v. Fortes, 51 F.3d 663, 665 (7th Cir.1995) (citations omitted). The PSR describes Kosmicki's drug activities in detail and states that the enhancement was based on the fact that Kosmicki recruited his codefendant, Milano, directed Milano and at least four others when arranging drug transactions, was involved in the planning ad organization of the transactions, and claimed a larger share of the monies received from the drug transactions. These facts support the manager/supervisor enhancement under § 3B1.1(b). Accordingly, we conclude that this argument would be frivolous.
 
 
 10
 Kosmicki next contends that his counsel was ineffective because he provided misinformation to the defendant during the plea process. "Typically claims of in effective assistance of counsel are not reviewed in a direct criminal appeal .... [because] such claims are very unlikely to find any factual support in the trial record." United States v. Brooks, 125 F.3d 484, 495 (7th Cir.1997). In addition, Kosmicki provides no details in support of this claim, further preventing us from giving the issue adequate review. Accordingly, we decline to consider this issue on direct appeal. See United States v. Downs, 125 F.3d 637, 642 (7th Cir.1997) (declining to address defendant's ineffective assistance of counsel claim on direct appeal and stating that "[a] record to support these claims would best be constructed in future proceedings under 28 U.S.C. § 2255").
 
 
 11
 Finally, Kosmicki alleges a violation of Federal Rule of Criminal Procedure 32 because he claims counsel did not review the PSR with him. As support, he has attached an addendum to the PSR in which the probation officer responded to Kosmicki's objection that counsel had not discussed the PSR with him. The addendum noted the objection and stated that the probation office trusted that Kosmicki's lawyer would have discussed the PSR with Kosmicki prior to sentencing. Indeed, during the sentencing hearing, the district court asked Kosmicki if he had reviewed the PSR and if he had discussed it with his lawyer and Kosmicki responded that he had. That is all that is required under Rule 32(c)(3) Thus, Kosmicki's cite to United States v. Petty, 80 F.3d 1384 (9th Cir.1996), in which the Ninth Circuit held that the district court's failure to ensure that the defendant had read and discussed the PSR with counsel was not harmless error, is inapposite. Accordingly, because we conclude that no nonfrivolous issues exist for appeal, we grant counsel's motion to withdraw and dismiss the appeal. Kosmicki's motion for appointment of new counsel is denied.
 
 
 12
 MOTION TO WITHDRAW GRANTED AND APPEAL DISMISSED.
 
 
 
 [1]
 This is the amount which Kosmicki's codefendant Cynthia Fritz admitted paying Kosmicki for the cocaine she bought from him. See PSR, p 54