**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Everett A. WILLIAMS, Defendant–Appellant.**

No. 99–1157.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 3, 1999.

Decided Jan. 21, 2000.

960

William T. Grimmer, Kenneth M. Hays (argued), Office of the United States Attorney, South Bend, IN, for Plaintiff–Appellee.

Suzanne Philbrick (argued), Chesterton, IN, for Defendant–Appellant.

Before FLAUM, ROVNER and EVANS, Circuit Judges.

FLAUM, Circuit Judge.

Everett A. Williams appeals the sentence imposed by the district court following his conviction by a jury for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b). For the reasons stated herein, we affirm.

## I. BACKGROUND

In early 1998, the Metro Special Operations Section ("MSOS") of the South Bend Police Department was conducting a narcotics investigation of Glenn D. Brown, the nephew of the defendant Everett A. Williams. As part of this investigation, an MSOS undercover officer had made several controlled buys of cocaine and cocaine base from Brown.

On March 24, 1998, MSOS undercover officer Wise arranged to purchase several ounces of cocaine and cocaine base from Brown. Brown and Wise agreed to meet at a Lee's Famous Chicken in South Bend to perform the transaction. Undercover officers were conducting surveillance of the area around the time the transaction was to take place. Several of these officers witnessed Brown pass a red Zesta cracker box to the driver of a white car. The car was driven to Lee's Famous Chicken where Williams exited the vehicle carrying a red Zesta cracker box. Williams approached the car where Wise was waiting and handed him the cracker box. Wise gave Williams $4,000 in exchange for the box. MSOS surveillance officers videotaped the exchange. Williams was then arrested, and the cracker box was found to contain four and a half ounces of cocaine base.

Williams was charged with one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b). Williams pled not guilty, claiming that he did not know that the cracker box contained cocaine and that he thought the $4,000 was payment for a car that Brown had sold to the undercover officer. Williams was convicted after a jury trial on August 28, 1998.

The probation office then prepared a Presentence Report ("PSR") to which Williams made several objections. First, Williams challenged the denial of a two-level reduction for acceptance of responsibility under the Sentencing Guidelines ("Guidelines"). He also objected to the denial of downward departures based on his physical condition and the fact that his conviction resulted from a single act of aberrant behavior. On January 5, 1999, the district court held a sentencing hearing at which all of Williams' objections were overruled. At the hearing, Williams also argued for a downward departure under the "safety valve" provision of the guidelines, U.S.S.G. § 5C1.2, but the district court found Williams was not eligible to receive this departure. The district court then sentenced Williams to 63 months in prison, the minimum sentence permitted under the applicable guidelines. Williams now appeals his sentence.

## II. DISCUSSION

Williams challenges four rulings of the district court with respect to his sentence. Williams argues first that the district court erred when it denied him a two-level reduction for acceptance of responsibility; second, that the district court should have granted him a downward departure because of his severe physical disability; third, that the district court erred by not granting a downward departure for aberrant behavior; and fourth, that the district court should have reduced his sentence under the "safety valve" provision of the Guidelines. We consider each of these arguments in turn.

### A. ACCEPTANCE OF RESPONSIBILITY

Williams first argues that the district court erred by denying him a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The district court's determination that a defendant is not entitled to a sentence reduction for acceptance of responsibility is a factual one that we review for clear error. *United States v. Kamoga,* 177 F.3d 617, 622 (7th Cir.1999). We give great deference to the district court's conclusion in this matter as that court is in a unique position to assess the defendant's motives and genuineness in professing to accept responsibility for his crime. *United States v. Cunningham,* 103 F.3d 596, 598 (7th Cir.1996). "Unlike the district court judge, we do not enjoy a 'front row seat' from which to

assess [the defendant's] statements and demeanor." *Id.* (citations and quotations omitted).

Ordinarily a defendant who chooses to go to trial and force the government to prove his guilt is not eligible to receive a sentence reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 cmt., n. 2 ("This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt."). However, the Guidelines contemplate an exception for defendants who proceed to trial solely to challenge issues other than factual guilt. *See id.* For example, a defendant who goes to trial only to challenge the constitutionality of a statute is still eligible to receive the acceptance of responsibility reduction. *See id.*; *United States v. Bonanno*, 146 F.3d 502, 513 (7th Cir.1998). If a defendant challenges factual evidence of guilt as well as legal principles, however, he typically will be ineligible to receive the acceptance of responsibility reduction. *See Bonanno*, 146 F.3d at 513; *United States v. Muhammad*, 120 F.3d 688, 701–02 (7th Cir. 1997).

In this case, the government charged Williams with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). This statute provides that "it shall be unlawful for any person knowingly or intentionally (1) to . . . possess with intent to manufacture, distribute, or dispense a controlled substance." Williams contends that the sole issue he wished to contest at trial was that the term "knowingly" implies objective as well as subjective knowledge that he was in possession of a controlled substance. In other words, he argues that under this statute the government had to prove he actually knew that the box he gave to officer Wise contained illegal drugs, not simply that he should have known there were drugs in the box. Williams argues that in order for him to contest this legal issue, he also had to contest the factual issue of his subjective knowledge of the contents of the cracker box. Otherwise, he would be admitting guilt under either legal standard, and there would be no issue upon which to conduct a trial. Therefore, Williams contends that he should not become ineligible to receive the acceptance of responsibility reduction solely because he challenged a factual issue at trial that was a necessary predicate to his legal challenge.

Williams may be correct that had he gone to trial solely to contest the legal definition of the term "knowingly" as used in the statute under which he was charged, he might have been entitled to the acceptance of responsibility reduction even though he challenged a factual issue as well because in that unique situation the legal challenge may be dependent on a concurrent factual challenge. However, that interesting set of facts did not occur in this case, and we do not consider or decide what would have happened had those events come to pass.

The Guidelines' commentary clearly states that when a defendant who has gone to trial seeks a reduction of his sentence for acceptance of responsibility, "a determination that a defendant has accepted responsibility will be based primarily upon pre-trial statements and conduct." U.S.S.G. § 3E1.1 cmt., n. 2. In this case, we find no evidence in the record that Williams made any representations to the trial court either before or during trial that he wished to challenge only the legal standard under which he was being prosecuted. A single written objection before trial, and a virtually identical oral objection at trial, made to the government's proposed "ostrich defense" jury instruction[1]

---

1. The text of the "ostrich defense" instruction was as follows:

 Since the jury must find that the defendant knowingly committed the charged offense, the defendant may not escape liability by shutting his eyes for fear of what he would learn and plead ignorance. Actual knowledge and deliberate avoidance of knowledge where the defendant cut off his normal curiosity by an effort of will are the same thing. If you find the defendant had a strong suspicion that things were not

are the only instances we can find in the record where the defendant appears to challenge the legal standard under which he was charged. Furthermore, it is unclear that these objections do, in fact, present a legal rather than a factual challenge. Williams based his objection to the jury instruction solely on the allegation that "there [was] no *factual* evidence to indicate deliberate ignorance on defendant's part." Defendant's Proposed Jury Instructions (emphasis added). It appears from the phrasing of this objection that Williams was challenging the *factual* support for an instruction under the objective knowledge standard. This objection does not, on its face, suggest that Williams was asserting that the objective knowledge standard is an improper legal interpretation of the statute under which he was charged. Therefore, the record does not support Williams' contention that he went to trial to make a legal challenge to the statute at all. Rather, it appears from the record that Williams' purpose in going to trial was solely to contest his factual guilt.

Williams argues that we should draw the inference that he accepted responsibility and went to trial solely to challenge a legal issue from the fact that he never challenged the government's version of events and never denied his guilt under the objective knowledge standard. However, as we have noted above, the record simply does not support this version of events. In addition, even if the defendant had put up no resistance to the government's prosecution, the district court could have interpreted this choice in several ways. The district court could have construed the defendant's alleged failure to challenge the government's version of events as acceptance of responsibility for his wrongful conduct. But, the district court also could have determined that Williams was merely relying on the presumption of innocence and requiring the government to prove its case against him. Cf. *United States v. Herrera–Ordones*, 190 F.3d 504, 512–13

(7th Cir.) (affirming the district court's denial of an acceptance of responsibility reduction to a defendant who went to trial solely to challenge the legal issue of venue because the defendant demonstrated through pre- and post-trial conduct that he had not accepted moral responsibility for his criminal actions). The district court, having sat through all of the proceedings below, is in a better position than this Court to determine how Williams' conduct should be construed. In this case, the district court determined that Williams' conduct did not express an acceptance of responsibility for his criminal actions, and we defer to that court's conclusion in this matter.

While the record does support Williams' contention that the only issue he seriously challenged at trial was his knowledge that the Zesta cracker box contained illegal drugs, knowledge, either objective or subjective, is a factual element of the offense with which Williams was charged. By challenging this element Williams was "denying [an] essential factual element[ ] of guilt" and is ineligible to receive a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. *See* cmt., n. 2; *see also United States v. Osmani*, 20 F.3d 266, 269–70 (7th Cir.1994) (denying acceptance of responsibility reduction to a defendant who maintained he had no knowledge that there was over $4,000,000 worth of heroin in the suitcase he was carrying because defendant was challenging an "essential factual element of guilt"). For these reasons, we conclude that the district court did not err by denying Williams a sentence reduction for acceptance of responsibility.

## B. PHYSICAL DISABILITY AND ABERRANT BEHAVIOR

 Williams next argues that the district court should have granted him a downward departure under U.S.S.G. § 5H1.4 because he has an extraordinary

---

what they seemed or that the defendant knew or strongly suspected that he was involved in criminal activity but deliberate-

ly avoids learning so, then you may conclude that he acted knowingly.

physical impairment that will make him vulnerable to attack in prison and for which the Bureau of Prisons is unable to provide adequate medical care. Williams also argues that the district court erred by not granting him a downward departure under U.S.S.G. § 5K2.0 because his conduct was clearly a single instance of aberrant behavior. We review a decision by the district court to grant a sentence departure for abuse of discretion. *Koon v. United States*, 518 U.S. 81, 91, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). We review the district court's determination that it lacked the authority to depart *de novo*. *United States v. Helton*, 975 F.2d 430, 434 (7th Cir.1992). However, we have no jurisdiction to review a district court's decision to deny a discretionary sentence departure. *United States v. Tyler*, 125 F.3d 1119, 1123 (7th Cir.1997); *United States v. Rosalez–Cortez*, 19 F.3d 1210, 1221 (7th Cir.1994).

The sentencing departures for physical disability and aberrant behavior are discretionary ones. *See Tyler*, 125 F.3d at 1123; *Rosalez–Cortez*, 19 F.3d at 1221; *Helton*, 975 F.2d at 434. In this case, the district court clearly understood that it had the authority to depart for the reasons requested by Williams. The record reflects the district court's comprehension of the relevant legal standards and its application of them to the facts of this case. Therefore, we lack jurisdiction to review the district court's exercise of its discretion not to depart on the basis of Williams' physical disability or the claimed single act of aberrant behavior.

## C. "Safety Valve"

Williams finally argues that the district court erred when it determined he was ineligible to receive a sentence reduction under U.S.S.G. § 5C1.2, the "safety valve" provision. We review the district court's determination that a defendant is ineligible to receive a reduction under § 5C1.2 for clear error. *United States v. Thompson*, 76 F.3d 166, 171 (7th Cir.1996).

The "safety valve" provision of the Guidelines allows a sentencing court to depart below the statutory mandatory minimum sentence for certain drug offenses where the defendant is a first time offender who was not the organizer or leader of criminal activity and has made a good faith effort to cooperate with the government. U.S.S.G. § 5C1.2; 18 U.S.C. § 3553(f)(1)-(5). This provision is only applicable where the district court determines that the appropriate sentence under the Guidelines falls below the statutory mandatory minimum sentence. In this case, the district court determined that the range for the defendant's sentence under the applicable guidelines was 63–78 months. The mandatory minimum sentence for Williams' conduct under 21 U.S.C. § 841 is 60 months. The district court determined that the defendant was ineligible for a downward departure under the "safety valve" provision because the statutory mandatory minimum sentence was below the minimum sentence provided in the Guidelines. Williams' argument that he was eligible to receive the "safety valve" reduction rests on his assertion that the district court should have applied the departures discussed above so that the resulting sentence under the Guidelines would be below the statutory minimum. As we have concluded that the district court did not err in denying these departures, we also conclude that that court did not err in its determination that Williams was ineligible to receive a departure under the safety valve provision.

## III. CONCLUSION

For the foregoing reasons, the sentence imposed by the district court is AFFIRMED.