**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert J. ROWSEY, Defendant–**
**Appellant.**

**No. 01–1053.**

United States Court of Appeals,
Seventh Circuit.

Argued April 25, 2001.

Decided May 29, 2001.

Before COFFEY, MANION, and ROVNER, Circuit Judges.

## ORDER

A jury convicted Robert J. Rowsey of robbing a KeyBank branch in Elkhart, Indiana, but acquitted him of charges that he robbed the South Bend, Indiana, branch of First Source Bank. The district court denied Rowsey's request for a three-level reduction in his offense level for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, sentenced him to 63 months in prison and three years of supervised release, and ordered him to pay $2,396.34 in restitution. Rowsey appeals the denial of the acceptance of responsibility reduction. We affirm the judgment of the district court.

On February 28, 2000, Rowsey, a tall white male in his mid–20s, entered a Key-Bank branch in Elkhart, Indiana, wearing a dark coat, baseball cap, and wrap-around sunglasses. Pretending that a bottle of leather conditioner in his pocket was a gun, Rowsey robbed the tellers of approximately $7,684.00. The dye pack from the bait money exploded as he drove away in his mother's car to a nearby motel, where he spent two nights before heading to O'Hare Airport for his getaway flight to

Jamaica on March 1, 2000. In the meantime, relatives who had seen a published surveillance photo of the suspect contacted the City of Elkhart Police Department and identified the robber as Rowsey. In the nick of time, Elkhart officers learned of Rowsey's escape plan and contacted Federal Bureau of Investigation agents at O'Hare. Two FBI agents then halted Rowsey's plane as it was pulling away from the gate, boarded the plane, and peaceably arrested Rowsey. By the time of his arrest for the February 28 robbery, Rowsey had also become a suspect in the January 26, 2000 robbery of a South Bend branch of First Source Bank. The suspect in that crime was described as a tall white male, in his mid–20s or early 30s, who wore a black stocking cap, wrap-around sunglasses, and a dark coat pulled up to his chin, and carried a small black handgun.

In the FBI's O'Hare office, the two agents, informed of both the January 26 and the February 28 robberies, advised Rowsey of his *Miranda* rights, which he voluntarily waived, and questioned him about his involvement in the two incidents. Rowsey confessed to the February 28 robbery, but denied any involvement in the January 26 incident. Rowsey also gave a detailed, handwritten account of robbing the KeyBank branch on February 28. In the second paragraph, written after one of the agents suggested that he might want to supplement his statement, Rowsey explained his motive for the crime:

This was done compulsively and while I was depressed. I regret having done this. It just makes me sure that my life is over. This is the only robbery I have been involved in. I did this to see if I could change the way I feel about myself

and life. Using [sic] the money to travel and find inner peace, not for the robbery itself. This is my one page statement.

On March 9, 2000, a federal grand jury returned a three-count indictment, charging Rowsey with (1) aggravated robbery, 18 U.S.C. § 2113(a) and (d); (2) use of a firearm during a crime of violence, 18 U.S.C. § 924(c); and (3) bank robbery, 18 U.S.C. § 2113(a).[1] Counts I and II related to the January 26 robbery, and Count III related to the February 28 robbery.

The district court granted Rowsey's motion to determine competency to stand trial, and on March 22, 2000, Dr. David Mrad, a staff psychologist at the federal medical facility in Springfield, Missouri, examined Rowsey. During the evaluation, Rowsey openly discussed his involvement in the February 28 robbery, denied involvement in the January 26 robbery, and stated that it was his intention at that time to plead guilty to Count III but to challenge Counts I and II at trial. Dr. Mrad provided a sealed copy of his report of Rowsey's evaluation to the district court, and the district court subsequently determined Rowsey competent to stand trial.

Contrary to his statement to Dr. Mrad, Rowsey pled not guilty to all three counts and proceeded to trial. Before trial, Rowsey agreed to stipulate that both banks were insured by the Federal Deposit Insurance Corporation, one element of a § 2113(a) offense, but refused to stipulate to the admission of his post-arrest confession or to any of the other elements of the offense. In his opening statement at trial, Rowsey's counsel instructed the jury to find Rowsey guilty of the February 28 robbery, but argued that the differences between the descriptions of the suspects

1. On June 15, 2000, the grand jury returned a three-count Superseding Indictment, charging Rowsey with the same three offenses.

and the manner in which the two robberies were carried out demonstrated that Rowsey did not commit the January 26 robbery. During the trial, the government introduced witness testimony and other evidence to prove that Rowsey committed both the January 26 and the February 28 robberies. Rowsey's counsel did not put on a defense other then to confirm the authenticity of the government's exhibits and cross-examine the government's witnesses regarding the differences between the two robberies, and he did not object to the introduction of any of the government's exhibits relating to the February 28 robbery. Again in his closing argument, Rowsey's counsel urged the jury to find Rowsey guilty of the February 28 robbery but then to move on and acquit him of the charges relating to the January 26 robbery. The jury convicted Rowsey of the February 28 robbery (Count III), but acquitted him on both counts of the January 26 robbery (Counts I and II).

In the presentence investigation report ("PSR"), the probation officer recommended that Rowsey receive a three-level reduction in his offense level for acceptance of responsibility pursuant to §§ 3E1.1(a) and (b), based on his timely and truthful admission of the conduct comprising the offense of conviction. The district court sustained the government's objection to the acceptance of responsibility recommendation and, looking primarily at Rowsey's pre-trial conduct, declined to award him any reduction for acceptance of responsibility. Rowsey received a sentence of 63 months in prison, the bottom of the applicable guideline range. Rowsey filed a timely notice of appeal, raising only the issue of the denial of a reduction for acceptance of responsibility.

On appeal, Rowsey argues that because he promptly and willingly confessed to the February 28 robbery, informed Dr. Mrad of his intent to plead guilty to Count III, did not give conflicting statements or challenge the credibility of his confession, and at trial urged the jury to find him guilty of the February 28 robbery, he was entitled to a three-point reduction in his offense level for acceptance of responsibility pursuant to § 3E1.1. This court reviews for clear error the district court's factual determination regarding acceptance of responsibility and will reverse "only if the record contains no evidence providing a foundation for it." *United States v. McIntosh,* 198 F.3d 995, 999 (7th Cir.2000); *United States v. Scott,* 145 F.3d 878, 885 (7th Cir.1998) (on appeal, defendant must show that district court's denial of acceptance of responsibility reduction was "without foundation") (citations omitted). Because the question whether a defendant has accepted responsibility for his conduct is a factual one, depending largely on an assessment of the defendant's credibility, the district court's acceptance of responsibility determination is entitled to "great deference." U.S.S.G. § 3E1.1, comment. (n.5); *see McIntosh,* 198 F.3d at 999. This court will uphold the district court's determination even though convinced that, had it been sitting as the fact finder, it would have weighed the evidence differently. *See United States v. White,* 240 F.3d 656, 661 (7th Cir.2001) (citations omitted).

Section 3E1.1 permits the district court to reduce the offense level of a defendant who has accepted responsibility for the offense of conviction. The district court may grant a two-level reduction to a defendant who "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). Under § 3E1.1(b), a defendant is entitled to an additional one-level reduction if he qualified for the § 3E1.1(a) reduction, has an offense level of 16 or greater prior to the operation of § 3E1.1(a), and has assisted authorities in the investigation or prosecution of his mis-

conduct by either timely providing complete information to the government concerning his involvement in the offense or timely notifying authorities of his intention to enter a plea of guilty. U.S.S.G. § 3E1.1(b).

Ordinarily, a defendant who pleads not guilty, "puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse," is not entitled to a reduction for acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n.2); *United States v. Williams*, 202 F.3d 959, 962 (7th Cir.2000). There are "rare situations" in which a defendant who exercises his right to trial may still qualify for the reduction, provided that his pre-trial statements and conduct demonstrate his acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n.2); *United States v. Herrera–Ordones*, 190 F.3d 504, 512 (7th Cir.1999) (affirming denial of § 3E1.1(a) reduction for defendant whose pre-trial statements and conduct failed to demonstrate acceptance of responsibility). For example, a defendant who admits factual guilt but proceeds to trial to mount a purely legal or constitutional challenge remains eligible for an acceptance of responsibility reduction. *See* U.S.S.G. § 3E1.1, comment. (n.2); *Williams*, 202 F.3d at 962.

Rowsey contended at sentencing, as he does on appeal, that his pre-trial confession and his admission at trial of his guilt of the February 28 robbery entitled him to a three-level reduction for acceptance of responsibility. Following the instructions of Application Note 2 to § 3E1.1, the district court took a different view of Rowsey's pre-trial conduct and determined that he had not demonstrated adequate acceptance of responsibility for his offense. The district court found that although Rowsey's confession was "complete and thorough," and his concession at trial that he committed the February 28 robbery was "fairly remarkable," this conduct, in the court's opinion, did not outweigh the insufficient amount of acceptance of responsibility before trial. The court pointed out that, in terms of pre-trial conduct, Rowsey did not voluntarily surrender to authorities but was arrested while attempting to escape to Jamaica, pleaded not guilty to all three counts, declined to stipulate to the admission of his confession into evidence, and held the government to its burden of proof at trial. Therefore, despite Rowsey's acceptance of responsibility "in every day terminology," the district court found that he had not accepted responsibility as contemplated by the Guidelines, and denied a reduction in Rowsey's offense level pursuant to § 3E1.1(a).

The district court's conclusion was not clearly erroneous. At sentencing, the district court considered arguments from both sides and did not rush to judgment. *See McIntosh*, 198 F.3d at 1002 (finding no clear error where district court considered parties' arguments and record before denying § 3E1.1 reduction). Following the instructions of Application Note 2, the court looked primarily at Rowsey's pre-trial conduct, and found it to be less substantial than his statements and conduct at and after trial, which are entitled to less weight in the acceptance of responsibility determination. *See* U.S.S.G. § 3E1.1, comment. (n.2); *United States v. Gomez*, 24 F.3d 924, 926 (7th Cir.1994) (explaining that § 3E1.1 awards pre-trial deeds, not post-trial words). Before trial, Rowsey could have notified the court that he had legal or strategic reasons for going to trial on the February 28 robbery, but did not. *See Williams*, 202 F.3d at 962 (noting that defendant did not notify court prior to trial that, at trial, he intended only to challenge legal not factual guilt). He also could have stipulated to the admission of his confes-

sion or to other elements of the February 28 robbery. Any of these acts would have reduced the burden imposed on the district court in reserving courtroom time and conducting a three-day trial, and the burden imposed on the government in issuing subpoenas, preparing witnesses, and introducing all of the evidence to prove Rowsey's involvement in both robberies. And, by taking one of these steps, Rowsey would have demonstrated, *before trial*, that he accepted responsibility for his conduct.

Instead, Rowsey made a strategic choice to plead not guilty to all three counts to enable him to elicit at trial the different descriptions of the two suspects and demonstrate his innocence in the January 26 robbery. Although at sentencing and in his brief to this court, counsel has attempted to disassociate Rowsey from this choice, arguing that proceeding to trial was counsel's strategic decision rather Rowsey's attempt to avoid conviction or deny his involvement in the February 28 robbery, under agency principles Rowsey is bound by this decision and its consequences. *See United States v. Boyd*, 86 F.3d 719, 721 (7th Cir.1996) (counsel's tactical decisions are imputed to defendant under agency law). This strategy succeeded insofar as the jury acquitted him of Counts I and II, but cost him a reduction for acceptance of responsibility. But, because the district court did not rely on Rowsey's decision to go to trial as a basis for denying him the reduction, and instead based its decision on a determination that Rowsey's confession and not-guilty plea were insufficient to demonstrate acceptance of responsibility, the denial of a § 3E1.1(a) reduction was not clearly erroneous. *See Herrera–Ordones*, 190 F.3d at 512–13 (no clear error where district court stated that it did not deny reduction because defendant went to trial but rather because he failed to demonstrate acceptance of responsibility); *United States v. Saunders*, 973 F.2d 1354, 1363 (7th Cir.1992) (no clear error

where district court considered a variety of factors in denying § 3E1.1 reduction and did not rely on defendant's decision to proceed to trial). Although the district court might have correctly reached the opposite conclusion, *see United States v. Thompson*, 76 F.3d 166, 170 (7th Cir.1996) (affirming § 3E1.1(a) reduction for a defendant who pled not guilty and went to trial, but provided a complete post-arrest statement of her involvement in the offense and did not subsequently deny her role), that possibility does not justify disturbing the district court's finding that an acceptance of responsibility reduction was not warranted in this case. *See United States v. Burnett*, 66 F.3d 137, 141 (7th Cir.1995) ("Had the judge decided the other way, we would not have disturbed that decision either ... That is what it means to say that a judge has discretion.")

The district court did not commit clear error in denying Rowsey a reduction for acceptance of responsibility pursuant to § 3E1.1. Accordingly, the judgment of the district court is AFFIRMED.