**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dr. Katherine D. FOSTER,**
**Defendant–Appellant.**

No. 00–4330.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 9, 2001.

Decided Oct. 11, 2001.

**618**

Before POSNER, MANION and ROVNER, Circuit Judges.

## ORDER

After engaging in a check-kiting scheme throughout 1996, Katherine Foster was indicted and found guilty by a jury of ten counts of bank fraud in violation of 18 U.S.C. § 1344(1). She was sentenced to concurrent terms of five months' imprisonment on all counts and three years' supervised release. Foster filed a timely notice of appeal, but her counsel has moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot discern a non-frivolous issue for appeal. Pursuant to Circuit Rule 51(b), Foster was notified that she could respond to counsel's motion to withdraw, but did not do so. Counsel's *Anders* brief is facially adequate, and therefore we limit our review of the record to those potential issues counsel identifies. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam); *United States v. Wagner,* 103 F.3d 551, 553 (7th Cir.1996). Because we agree with counsel that the potential issues he identifies are indeed frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

■ Counsel first considers whether the district court abused its discretion in allowing the government to introduce uncharged information concerning alleged false statements that Foster made on a loan application. Under Federal Rule of Evidence 404(b), proof of prior bad acts is inadmissible as character evidence, but it is admissible to prove Foster's motive, opportunity, and intent to prolong her check-kite scheme, as well as absence of mistake. At trial Foster's counsel moved *in limine* to exclude the evidence, claiming that the information was unduly prejudicial under Rule 403. The district court allowed the evidence, but twice instructed the jury that its consideration of the evidence was limited to whether it supported a finding of "intent or absence of mistake with respect to what is charged in the indictment."

We review rulings determining the admissibility of evidence under Rule 404(b) for an abuse of discretion. *United States v. Asher,* 178 F.3d 486, 491–92 (7th Cir. 1999). District courts must apply a four-part test to determine the admissibility of 404(b) evidence: (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

*United States v. Williams,* 216 F.3d 611, 614 (7th Cir.2000); *Asher,* 178 F.3d at 492.

In this case, the district court properly applied the four-part test. It found that the evidence was introduced to show intent and absence of mistake, and not to show propensity to commit crime, as proscribed by evidence Rule 404(b). Foster filed a false loan application during her check-kiting scheme, and the loan proceeds were used to support the fraud, thus the evidence satisfies the timeliness requirement. And, in order to minimize undue prejudice resulting from the information, the district court twice instructed jurors to consider the evidence only in support of a finding of intent or absence of mistake. We assume that jurors follow the court's instructions, and here there is no suggestion in the record to the contrary. *United States v. Hernandez,* 84 F.3d 931, 935 (7th Cir. 1996). Moreover, we accord great deference to the district court's assessment of the evidence because of the judge's first-hand exposure to the evidence and because of the judge's familiarity with the case and ability to gauge the impact of the evidence on the jury in the context of the trial. *Asher,* 178 F.3d at 494. Because the court properly applied the four-part test and observed numerous safeguards to reduce the possibility of unfair prejudice, it would be frivolous to argue that the district court abused its discretion in admitting the Rule 404(b) evidence.

■ Counsel next considers whether Foster could argue that the district court erred in not awarding her a downward adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. We would review the district court's refusal to grant a sentence reduction for acceptance of responsibility for clear error, and would give great deference to the district court's conclusion. *United States v. Williams,* 202 F.3d 959, 961 (7th Cir.2000). Ordinarily a

defendant who pleads not guilty is not entitled to a reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1, comment (n.2); *Williams,* 202 F.3d at 962. In some cases the Guidelines permit an exception for defendants who go to trial to challenge issues other than factual guilt. *Williams,* 202 F.3d at 962. Here, however, Foster explicitly challenged her factual guilt at trial by arguing that she had no intent to defraud the banks and that the alleged check-kiting scheme resulted from her poor business sense and lack of experience in running a business. Accordingly, the district court declined the reduction because Foster failed to acknowledge her wrongdoing and accept responsibility as defined in the Sentencing Guidelines. We would not find that the district court clearly erred in this determination, so any argument on this ground would be frivolous as well.

■ Counsel also considers whether Foster could claim that the district court erred by not awarding a downward departure based on the fact that she was the primary caregiver to her mother and grandson, and due to her professional commitments. Under U.S.S.G. § 5K2.0, the sentencing court may depart from the guidelines range if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." *Id.* But other guideline sections warn that employment, family ties and responsibilities are "not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." *See* U.S.S.G. §§ 5H1.5, 5H1.6; *United States v. Jaderany,* 221 F.3d 989, 994, 997 (7th Cir.2000). The record reveals that the district court did consider Foster's unique family responsibilities and professional commitments to her patients, and, as a result,

imposed the lowest possible sentence in the guideline range. The district court noted that such factors can serve as a basis of departure but decided that Foster's case was not outside the heartland for family circumstances and refused to depart. Accordingly, we would not have jurisdiction to review that decision, so any such argument would be frivolous. *See* 18 U.S.C. § 3742(e)-(f).

█ Counsel next asks whether misconduct by an FBI agent during the government's criminal investigation of Foster could serve as a basis for appeal. Before trial Foster responded to the government's motions *in limine* by claiming that an FBI Special Agent engaged in "outrageous government conduct" when he harassed her, her family, and colleagues. This argument would be frivolous because this court has rejected the notion that prosecutorial or "outrageous government" misconduct can ever be an independent ground for reversible error. *United States v. Boyd,* 55 F.3d 239, 241 (7th Cir.1995). Accordingly any argument on this ground would be frivolous as well.

Finally, counsel considers whether Foster could generally challenge the jury instructions, but concludes that any argument on this basis would be frivolous since she failed to specifically object to any of the jury instructions below, and there was no evidence that the jury was improperly informed regarding the applicable law and theories of defense. *See United States v. Rios–Calderon,* 80 F.3d 194, 197 (7th Cir. 1996).

For the foregoing reasons, we GRANT counsel's motion to withdraw and DISMISS Foster's appeal.