In the
United States Court of Appeals
For the Seventh Circuit

No. 00-4272

United States of America,

Plaintiff-Appellee,

v.

Steven Hirsch,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 96-CR-40094--J. Phil Gilbert, Judge.

Argued October 30, 2001--Decided February 15, 2002


   Before Cudahy, Easterbrook and Williams,
Circuit Judges.

   Cudahy, Circuit Judge.  In appealing from
his sentencing for drug and firearms
offenses, Steven Hirsch argues that the
district court erred in concluding that
it had no authority to award a downward
departure based on Hirsch's medical
condition. We affirm.

I.

   Hirsch was arrested on drug conspiracy
charges on February 11, 1997. On March 6,
1997, upon the request of his attorney,
he was granted a medical transfer from
county jail to the Federal Medical Center
in Springfield, Missouri, for a medical
exam. The medical exam revealed that he
was healthy. Hirsch was then transferred
to the Williamson County Jail in Marion,
Illinois, to await trial. Soon after he
arrived at the Williamson County Jail,
however, Hirsch developed respiratory
problems. On November 1997, his
respiratory problems were diagnosed and
treated as a respiratory infection. In
January 20, 1998, a jury trial began on
the indictment against Hirsch. During
this time, however, Hirsch was diagnosed
with pneumonia. Because he appeared
seriously ill during trial, a mistrial
was declared on February 3, 1998. On
February 4, 1998, Hirsch was admitted to

Lourdes Hospital in Paducah, Kentucky, where he was diagnosed with Legionnaire's Disease. Steven was not discharged from Lourdes Hospital until March 2, 1998. During this hospital stay, he developed an abscess in his right lung that ruptured and spread into his left lung. On April 20, 1998, Hirsch was admitted to Cox Medical Center in Springfield, Missouri, where he underwent surgery to remove his right lung.

On September 4, 1998, Hirsch entered a plea of guilty to counts of: 1) Conspiracy to Distribute Methamphetamine and Marihuana, 2) Conspiracy to Distribute Cocaine and 3) Carrying a Firearm During and In Relation to a Drug Trafficking offense. At the sentencing hearing on January 29, 1999, defense counsel moved for a downward departure based upon Hirsch's severe illness, apparently contracted while he was in prison. The district court ruled that "unless there is some indication that the Bureau of Prisons is not capable of attending to any particular health need that a defendant may have that's going to be incarcerated under the guidelines, that is not a grounds [sic] for departure. It makes no difference to this Court nor to the guidelines that any illness or ailment was contracted pretrial or during trial." Later on, in answer to Hirsch's question why the district court did not grant a downward departure, the district court stated "I don't have any authority under the law to downward depart."

Hirsch appeals from the amended judgment and sentence. He argues that the district court does have authority to downward depart based upon an illness contracted while in federal custody and that the court failed to examine whether his illness warranted a downward departure. He seeks to have the case remanded to the district court for a hearing on whether the nature of his illness warrants a downward departure.

II.

A.

As an initial matter, the government argues that this Court does not have subject-matter jurisdiction because the district court had considered Hirsch's

illness during sentencing and exercised its discretion not to award a downward departure. In United States v. Williams, 202 F.3d 959, 964 (7th Cir. 2000), we held that a court of appeals has no jurisdiction to review a district court's decision to deny a discretionary sentence departure. Here, the district court addressed Hirsch's illness during sentencing in light of United States v. Sherman, 53 F.3d 782 (7th Cir. 1995) and its progeny. In Sherman, the defendant had sought a downward departure based upon his then current physical impairments of asthma and obesity. This Court held that "[i]n order to warrant such a departure, the court must ascertain, through competent medical testimony, that the defendant needs constant medical care, or that the care he does need will not be available for him should he be incarcerated." Sherman, 53 F.3d at 787; United States v. Krilich, 257 F.3d 689, 693 (7th Cir. 2001) (same).

Here, the district court found that the Bureau of Prisons could provide Hirsch with the medical regimen needed to treat his current medical condition. Thus, since the district court found that Hirsch could get adequate medical care in prison, it exercised its discretion to deny him a downward departure, and we have no jurisdiction to review the decision in that context. However, in Williams, we also held that a district court's determination that it lacked authority to depart presents a question of law that is reviewed de novo. See 202 F.3d at 964. It is clear from the record that the district court in sentencing Hirsch addressed his illness only in light of Sherman. But the district court did not consider whether the circumstances of Hirsch's illness provide a ground, other than the rationale of Sherman, for a downward departure. The district court's statement that, "I don't have any authority under the law to downward depart," indicates that the district court was thinking only about Sherman. It did not consider the unusual circumstances of Hirsch's illness which is the ground Hirsch is now arguing. We review that aspect of its determination de novo.

B.

In United States v. Koon, the Supreme

Court suggested that a sentencing court considering a departure should ask the following questions:

1) What features of this case, potentially, take it outside the Guidelines' 'heartland' and make it a special, or unusual, case?

2) Has the Commission forbidden departures based on those features?

3) If not, has the Commission encouraged departures based on those features?

4) If not, has the Commission discouraged departures based on those features?

518 U.S. 81, 95 (1996). If the answers to these questions suggest that a departure may be warranted, the district court should "perform a fact-specific analysis in light of the Commission's consideration of the factor [being argued] to determine whether it is an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." United States v. Meza, 127 F.3d 545, 548 (7th Cir. 1997).

Here, Hirsch argues that the seriousness of his illness and the fact that he contracted it while in federal custody takes his case outside of the Guidelines' "heartland." On the seriousness point, the government argues, on the other hand, that there is no evidence in the record that Hirsch really contracted Legionnaire's Disease. Although he was initially diagnosed with Legionnaire's Disease, the government contends that the district court stated at one point that Hirsch did not have Legionnaire's Disease. Although the district court may have made that statement, by the same token it did not find that Hirsch had not contracted Legionnaire's Disease. However that issue might play out, it is undisputed that Hirsch suffered a very serious illness while in federal custody that resulted in the loss of his right lung and other severe and continuing medical problems. It is also undisputed that Hirsch did not suffer from this illness prior to being incarcerated at Williamson County Jail. The severity of

his illness and the circumstances of its contraction are highly unusual features of the case that is likely to take it outside the Guidelines' "heartland." See Koon, 518 U.S. at 95. Further, Hirsch's illness is not a factor that the Guidelines have used to encourage or discourage a departure. See id. But does Hirsch's illness warrant a downward departure? Just because a case has features that are unusual does not mean that a departure is warranted. Rather the unusual features must suggest a rationale for a difference in the sentence prescribed by the Guidelines. Otherwise, all cases with unusual facts would require a hearing on departure.

Hirsch's argument for a downward departure is that he suffered more from his illness than he could have suffered from being in prison. Thus, he is entitled to a departure as compensation for the additional punishment of the illness. The basic problem with this is the lack of showing that the government caused the illness (through negligence or by design). If there had been such evidence, Hirsch may have been entitled to a downward departure because he had already been punished severely prior to sentencing. For example, if the prison officials intentionally placed him in a cell that they knew would likely lead to his contraction of a serious illness, this could constitute prior punishment that may warrant a downward departure. However, there was no such evidence in this case. Because Hirsch failed to provide a persuasive rationale for an entitlement to a downward departure, his request for a hearing to explore such a departure must be denied.

III.

For the foregoing reasons, we AFFIRM the judgment and sentence of the district court.