**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Mary MCNEAL, Defendant–Appellant.**

**No. 00–4005.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 29, 2002.

Decided Feb. 19, 2002.

Rehearing Denied March 18, 2002.

Before COFFEY, KANNE, and WILLIAMS, Circuit Judges.

## ORDER

Mary McNeal was convicted at a bench trial of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). At sentencing, the district court declined to grant McNeal a two-level reduction in offense level for acceptance of responsibility, see U.S.S.G. § 3E1.1, because she refused to admit that she intended to distribute the crack found in her possession. McNeal received a sentence of 63 months' imprisonment. On appeal, McNeal argues that she was entitled to a reduction for acceptance of responsibility because, although she denied intending to distribute the cocaine, she had admitted the element of possession. We affirm.

On Christmas Eve, 1999, Detective Kenneth Berry and Officer Mattalue White of the East St. Louis police department observed Mary McNeal sitting in her car,

which was parked in a tavern parking lot. The tavern is located in an area known to the East St. Louis police for drug trafficking. The officers observed McNeal hold up a plastic bag to Wendy Thompson, who was standing outside McNeal's driver's side window. Suspecting that he was witnessing a drug deal, Detective Berry walked towards McNeal's car. As Detective Berry approached, he saw McNeal drop a plastic bag containing a white substance onto the floor of her car. Detective Berry ordered McNeal to get out of her car, and when she complied she dropped a second plastic bag onto the ground.

Berry placed McNeal under arrest and found $800 in cash in her purse. Berry called for back-up officers, who arrived and then took McNeal to her house so that she could lock it before being taken to the police station. Special Agent Anthony Mino, a member of the local narcotics task force, met the officers and McNeal at her home and inspected the contents of the plastic bags recovered by the police. He found that the bags contained more than ten grams of crack cocaine, an amount that he considered consistent with intent to distribute. He administered the *Miranda* warnings to McNeal and asked for her consent to search her home. McNeal signed a *Miranda* waiver and a consent-to-search form. Agent Mino's search of her home uncovered a single marijuana cigarette.

Agent Mino reread the *Miranda* warnings to McNeal after she was taken to the East St. Louis police station. She agreed to talk with him. In a statement that she dictated to Agent Mino and later signed, McNeal said that she had been holding the crack found at the time of her arrest for an individual named Fred Howard, also known as "Bruce." She also denied that she had been engaged in a drug transaction with Wendy Thompson in the tavern

parking lot. The police were never able to locate "Bruce" or verify that he actually existed.

McNeal was charged with possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). At a change-of-plea hearing, McNeal testified initially that she wanted to plead guilty. But when Judge Murphy followed up and asked her whether she agreed with the government's statement of the factual basis of her plea, McNeal answered, "I'll say yes." When the judge asked her to clarify her response, she admitted that she had possessed the crack but denied that she had intended to distribute it. Judge Murphy refused to accept McNeal's guilty plea, and the case proceeded to trial before the bench.

At trial, the parties stipulated that the police had seized two bags from McNeal— one containing 4.4 grams of crack, the other containing 10.3 grams of crack. Detective Berry and Officer White testified that they had observed McNeal hold up one of the bags to Wendy Thompson in the tavern parking lot. Agent Mino testified that a dealer could sell the amount of crack seized from McNeal for a profit of approximately $1000. He also testified to receiving a tip that McNeal was selling drugs and, based on that information, to attempting unsuccessfully on two occasions to buy crack from McNeal at her residence. Further, Agent Mino told the court that he had contacted six informants and at least fifteen police officers in an unsuccessful effort to locate the man whom McNeal had identified as "Bruce." Agent Mino expressed the opinion that "Bruce" did not exist. The defense rested without calling any witnesses.

After hearing the evidence, Judge Murphy found McNeal guilty:

> The defendant is charged with possession of . . . crack cocaine with intent to

distribute. Now, we have, first of all, Officer Ken Berry, who is an experienced detective, who worked here in East St. Louis for some time, who I find to be credible. . . . Now he says . . . that he sees the defendant . . . displaying . . . a clear package of what we now know to be crack cocaine . . . and it's being shown to some other person, and we know who this person is. . . . Now, all that's required is that it's possessed with the intent to distribute. . . . Was there any question about what was happening when this was being displayed to . . . Wendy Thompson. . . . Well, of course not. It's being displayed to Wendy Thompson for the purpose of distributing. There's no other reasonable, rational explanation.

During her presentence interview, McNeal again admitted to possessing the crack but denied that she intended to distribute it. As a result, the probation office recommended against granting her a reduction in offense level for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines. McNeal objected to the offense level recommended in the PSR, arguing that she should receive a two-level reduction because she admitted to the element of possession even though she refused to admit the element of intent to distribute. Judge Murphy overruled McNeal's objections to the PSR, saying that he never heard a clear, unequivocal admission of guilt from McNeal, and imposed a sentence of 63 months' imprisonment. Judge Murphy sentenced McNeal at the low end of the applicable guideline range (63 to 78 months); McNeal received a sentence only three months longer than the statutory minimum for her offense. *See* 18 U.S.C. § 841(b)(1).

■ On appeal, McNeal first claims that the district court abused its discretion by basing its denial of an acceptance-of-responsibility reduction under § 3E1.1 on the fact that she elected to go to trial. McNeal argues that the court failed to realize that the Sentencing Guidelines do not preclude a defendant convicted at trial from receiving an acceptance-of-responsibility reduction.

■ We review a district court's determination of a defendant's acceptance of responsibility under § 3E1.1 for clear error. *United States v. Utecht,* 238 F.3d 882, 888 (7th Cir.2001). A defendant is not entitled as a matter of right to an acceptance-of-responsibility reduction. U.S.S.G. § 3E1.1, comment. (n.3); *United States v. Booker,* 248 F.3d 683, 690 (7th Cir.2001). It is the defendant's burden to prove that the reduction applies in her case. *Booker,* 248 F.3d at 690.

■ McNeal correctly notes that a defendant who exercises her constitutional right to a trial does not automatically forfeit a reduction in offense level for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 comment (n.2); *United States v. Williams,* 202 F.3d 959, 962 (7th Cir.2000). The acceptance-of-responsibility reduction, however, "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt." U.S.S.G. § 3E1.1 comment (n.2); *Williams,* 202 F.3d at 962; *United States v. Bonanno,* 146 F.3d 502, 513 (7th Cir. 1998). A defendant convicted at trial may qualify for the reduction only in "rare situations." U.S.S.G. § 3E1.1 comment (n.2); *United States v. Clay,* 37 F.3d 338, 343 (7th Cir.1994). For example, a defendant may admit factual guilt but proceed to trial in order to challenge the constitutionality or the applicability of a statute and still receive an acceptance-of-responsibility reduction. U.S.S.G. § 3E1.1 comment (n.2); *Williams,* 202 F.3d at 962. But this exception for "rare situations" does not encompass those instances in which a defen-

dant admits to some, but not all, of the essential factual elements comprising her offense. *Williams*, 202 F.3d at 962.

In this case, McNeal challenged not a legal principle, but an essential factual element of the offense with which she was charged. Nothing in the record suggests that McNeal ever represented that she wished to challenge a principle of law. *See Williams*, 202 F.3d at 962. Rather, she adamantly denied and contested the fact that she intended to distribute the crack, and in doing so she forced the government to prove the case at trial beyond a reasonable doubt.

McNeal points to cases from other circuits in which acceptance-of-responsibility reductions were upheld when the defendant contested an element of factual guilt at trial. *See United States v. Gauvin*, 173 F.3d 798, 806 (10th Cir.1999); *United States v. Johnson*, 906 F.2d 1285, 1291(8th Cir.1990). It is well-established in this circuit, however, that defendants who exercise their right to a trial are not entitled to an acceptance-of-responsibility reduction except in the "rare situations" explicitly described in the Guidelines commentary. *See Williams*, 202 F.3d at 962; *United States v. Herrera–Ordones*, 190 F.3d 504, 512 (7th Cir.1999); *Bonanno*, 146 F.3d at 513; *Clay*, 37 F.3d at 343; *United States v. Pryor*, 32 F.3d 1192, 1195 (7th Cir.1994). Furthermore, the cases on which McNeal relies involved cross-appeals by the government seeking to rescind a reduction that had already been granted. *See Gauvin*, 173 F.3d at 806; *Johnson*, 906 F.2d at 1291. McNeal has not cited to a case, in this circuit or any other, in which a defendant convicted at trial successfully challenged a district court's denial of an acceptance-of-responsibility reduction.

McNeal further argues that the district court abused its discretion by failing to apply all the factors mentioned as "appropriate considerations" in § 3E1.1 and thus overlooking facts that "weigh[ed] heavily in [her] favor." Whether or not a defendant has accepted responsibility is a context-specific inquiry. *United States v. Frykholm*, 267 F.3d 604, 610 (7th Cir. 2001). The Guidelines commentary states that "appropriate considerations" in determining whether a defendant has accepted responsibility include: a) truthful admission of the conduct comprising the offense; b) voluntary termination of criminal conduct; c) voluntary payment of restitution before adjudication of guilt; d) voluntary surrender to authorities; e) voluntary assistance to the authorities in recovering any fruits and instrumentalities of the offense; f) voluntary resignation from an office in which defendant committed the offense; g) post-offense efforts to rehabilitate; and h) timely manifestation of the acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n.1). McNeal claims that the court's finding that she did not accept responsibility failed to take into account her admission at the time of her arrest that she knowingly possessed the crack, the correspondingly limited scope of evidence at trial regarding her intent to distribute, and her many unsuccessful attempts to plead guilty before trial.

Application of the commentary's factors is not as straightforward as McNeal would have us believe. First, her refusal to admit that she intended to distribute the crack, an essential factual element of her offense, necessitated a trial. Moreover, McNeal's many attempts to plead guilty were rejected by the court because she persisted in claiming that she was not guilty of the offense with which she had been charged. *See Higgason v. Clark*, 984 F.2d 203, 208 (7th Cir.1993) (district court has discretion to reject a guilty plea when a defendant claims innocence).

In essence, McNeal attempted to plead guilty to simple possession of crack rather than possession with intent to distribute.

But this option was not available to McNeal; a defendant cannot pick and choose the offenses for which she will accept responsibility and then expect the court to apply § 3E1.1. McNeal had been charged with possession with intent to distribute, and the court was justified in demanding a "candid and full unraveling" of that offense before it would grant an acceptance-of-responsibility reduction. *See United States v. Larkin*, 171 F.3d 556, 558 (7th Cir.1999). McNeal did not admit to all the factual elements of possession with intent to distribute, and the court therefore did not abuse its discretion in denying her a reduction in offense level under § 3E1.1.

AFFIRMED.