UNITED STATES of America, Plaintiff–Appellee,

v.

Fernando GUZMAN–VARGAS, Defendant–Appellant.

No. 01–4194.

United States Court of Appeals, Seventh Circuit.

Argued June 11, 2002.

Decided July 3, 2002.

Before COFFEY, RIPPLE, and KANNE, Circuit Judges.

## ORDER

Fernando Guzman–Vargas pleaded guilty to possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), and was sentenced to the statutory mandatory minimum of 60 months' incarceration. On appeal, he challenges the district court's finding that he is ineligible for the "safety valve" exception to the statutory minimum sentence. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2. For the reasons set forth in this order, we affirm the judgment of the district court.

In May 2001, a confidential informant ("CI") for the Drug Enforcement Administration contacted Mr. Guzman–Vargas to purchase two kilograms of cocaine. Mr. Guzman–Vargas agreed to sell the cocaine for $20,000 per kilogram and then contacted his supplier, who fronted him the cocaine within a matter of hours. Mr. Guzman–Vargas agreed to pay his supplier $38,000 later that evening. The supplier was not present when Mr. Guzman–Vargas was arrested for attempting to deliver the cocaine to the CI.

After his arrest, Mr. Guzman–Vargas, accompanied by counsel, spoke with the Government about his offense in order to qualify for the safety valve exception to the statutory mandatory minimum sentence. According to that exception, if the defendant is a first time, nonviolent, non-leader of drug activity who has made a good faith effort to cooperate with the Government, the court must reduce his base offense level by two and may sentence him below the statutory minimum sentence. *See* 18 U.S.C. § 3553(f); U.S.S.G. §§ 2D1.1(b)(6), 5C1.2; *United States v. Williams,* 202 F.3d 959, 964 (7th Cir.2000); *United States v. Ramirez,* 94 F.3d 1095, 1099 (7th Cir.1996).

During the interview with the Government, Mr. Guzman–Vargas admitted that he had attempted to sell cocaine to the CI. Mr. Guzman–Vargas also provided the Government with the name, telephone number and address of his supplier, whom he characterized as a childhood friend from Mexico. When the Government asked Mr. Guzman–Vargas how many times he had worked with that supplier, defense counsel objected and instructed him not to answer the question because it was beyond the scope of the safety valve interview. The parties dispute whether Mr. Guzman–Vargas answered the question: the Government contends that he

refused to answer, while Mr. Guzman–Vargas asserts that he denied ever previously working with that supplier. Some time after the interview, the Government contacted Mr. Guzman–Vargas to schedule a second interview regarding his prior dealings with the supplier, but Mr. Guzman–Vargas refused.

Mr. Guzman–Vargas pleaded guilty in September 2001, and a sentencing hearing was held the following November. The district court heard testimony and, after considering Mr. Guzman–Vargas' acceptance of responsibility, concluded that his offense placed him in a guideline range that was lower than the statutory mandatory minimum of 60 months' incarceration. *See* U.S.S.G. § 2D1.1; 21 U.S.C. § 841(b). Thus the sole issue became whether Mr. Guzman–Vargas qualified for the safety valve exception. The Government conceded that Mr. Guzman–Vargas satisfied all but the last element of the exception—that he "truthfully provide[ ] to the Government all information and evidence [he] has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(5). The Government argued that Mr. Guzman–Vargas refused to answer any questions regarding prior dealings with his supplier and that, even if Mr. Guzman–Vargas had denied ever previously working with that supplier, he was probably lying because it was doubtful that a supplier would entrust approximately $40,000 worth of cocaine to someone with whom he had no prior relationship in the drug business. Mr. Guzman–Vargas contended that he had been truthful with the Government and that his supplier fronted him the cocaine because they had known each other since childhood.

The district court found Mr. Guzman–Vargas ineligible for the safety valve exception because it did not believe Mr. Guzman–Vargas's explanation for why his supplier fronted him the cocaine:

> [G]iven my experience, which is considerable unfortunately, with the trafficking of cocaine in the City of Chicago, that just belies my experience, that someone would front, I don't care if it's their best friend or their brother, two kilograms of cocaine without any prior experience knowing that there is a relationship that can be trusted in the drug business.
>
> Not a relationship period. You could be somebody's godfather, godson, cousin, best friend, anything else. That just belies every single experience I've had as a citizen of this city, as a prosecutor, as a judge, and so I cannot conclude that you meet the burden by a preponderance of the evidence.

R.19 at 10. The court further explained that its finding was based on the nature of trust and money in the drug business:

> I am not aware of any fronting of two kilograms of cocaine going on unless there's an established drug relationship. That's ... because when it comes to drugs, there is no trust at all on the streets of Chicago that I know or the streets of any other city.
>
> When it comes to drugs, ... these are not men of honor that are dealing in drugs. So there's always some way to check up on somebody. And it's not just knowing their address or knowing where you can find them. This is all about money and the control of money, so it just belies my experience.

R.19 at 12. Thus, the district court refused to sentence Mr. Guzman–Vargas below the 60–month statutory mandatory minimum sentence.

On appeal, Mr. Guzman–Vargas challenges the district court's finding that his proffer was untruthful and incomplete based on his denial of previously working with his supplier. We give great defer-

ence to a sentencing court's credibility determinations and shall not reverse its findings unless we are firmly convinced that a mistake has been made. *United States v. Lopez,* 222 F.3d 428, 438 (7th Cir.2000), *cert. denied,* 532 U.S. 971, 121 S.Ct. 1601, 149 L.Ed.2d 468 (2001); *United States v. Curtis,* 37 F.3d 301, 309 (7th Cir.1994). We are unable to find such a mistake here. Based on its own experience and common sense, the district court made a credibility determination. The court did not believe Mr. Guzman–Vargas' submission that he had never dealt with this supplier with respect to drugs. The court found it implausible that any supplier would front approximately $40,000 worth of cocaine to someone with whom he had never worked previously. *See United States v. Blake,* 116 F.3d 1202, 1204 (7th Cir.1997) (concluding that district court did not clearly err in finding defendant ineligible for safety valve exception because it was implausible that defendant had forgotten the name, phone number, address and description of everyone he had ever dealt with in the drug business); *see also United States v. Hatchett,* 31 F.3d 1411, 1420 (7th Cir.1994) (concluding that judges may rely on their own experience with the drug business because " '[j]udges in the federal system ... do not operate in a vacuum, shielded from knowledge of drug operations in the real world' ") (quoting *United States v. Perry,* 747 F.2d 1165, 1169 (7th Cir.1984)).

Mr. Guzman–Vargas submits that the district court erred in relying on its denial of prior dealings with his supplier because there was no evidence that any prior dealings would have been part of the same course of conduct or common scheme or plan as the current offense. *See* U.S.S.G. § 5C1.2(5). That argument is unavailing because Mr. Guzman–Vargas bears the burden of proving his safety valve eligibility, *see United States v. Galbraith,* 200 F.3d 1006, 1016 (7th Cir.2000); it was his responsibility to demonstrate that any pri-

or dealings had not been part of the same course of conduct or common scheme or plan. *See* U.S.S.G. § 5C1.2(5). Mr. Guzman–Vargas denied absolutely that he ever had worked previously with his supplier; the district court was entitled to reject that denial.

Mr. Guzman–Vargas contends that the district court should have required the Government to produce affirmative evidence of his proffer's untruthfulness or incompleteness. However, the defendant, not the Government, bears the burden of proving his safety valve eligibility, *Galbraith,* 200 F.3d at 1016, and we have "refused to place on the Government the onus of showing that the defendant's response was not truthful or complete," *Ramirez,* 94 F.3d at 1101; *accord United States v. Adu,* 82 F.3d 119, 123 (6th Cir. 1996). Because the district court reasonably concluded that Mr. Guzman–Vargas did not meet his burden, we affirm the judgment of the district court.

AFFIRMED