**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Larry W. COLLINS, Defendant–**
**Appellant.**

**No. 03–1355.**

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 4, 2003.*

Decided Nov. 4, 2003.

Major R. Coleman, Office of the United States Attorney, Indianapolis, IN, for Plaintiff–Appellee.

William M. Butler, Jr., Louisville, KY, for Defendant–Appellant.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before BAUER, COFFEY, and KANNE, Circuit Judges.

### ORDER

Larry Collins was convicted of conspiracy to possess with intent to distribute marijuana, 21 U.S.C. §§ 846, 841(a)(1), and conspiracy to commit money laundering, 18 U.S.C. § 1956(h), (a)(1)(A)(ii). The district court sentenced him to 121 months' imprisonment on each count to run concurrently. Collins argues on appeal that the court committed clear error by denying him a two-point reduction in offense level for acceptance of responsibility. U.S.S.G. § 3E1.1(a). We affirm.

Collins was indicted along with August Colvin, Frank Ward, and Lavonna Satchwill. Colvin and Ward pleaded guilty prior to trial and cooperated with the government. Collins and Satchwill were tried by jury. After three days of testimony, the jury found Collins guilty on both charges. Prior to sentencing, Collins contacted his attorney and the probation officer and for the first time explained that he had refused to enter into plea negotiations because he feared injury by his Chicago drug supplier. At sentencing Collins testified that he engaged in the criminal activity under duress. Collins asserted that his supplier had held him responsible for a $100,000 debt that his deceased brother owed the supplier, so he and Satchwill, his brother's wife, began operating his brother's marijuana business to satisfy the debt. Collins estimated that he met with the supplier once a month for four months.

The district court questioned Collins and Satchwill regarding the supplier. Collins professed difficulty recalling the details of the meetings, a description of the supplier, or the time frame in which the meetings occurred. Satchwill, who was not present during Collins's testimony, gave a description of the supplier that contradicted Collins's testimony. Collins described the supplier as a white male, stocky, balding, mid-fifties, clean shaven, and approximately 6′1″ tall. Satchwill described him as just under forty, a little taller than herself (she is 5′1″), with dark brown hair, a mustache, and a half beard. At the conclusion of the testimony, the district court denied Collins's request for a reduction for acceptance of responsibility, explaining that "Mr. Collins has not come close to meeting the criteria."

We review the district court's ruling for clear error. *United States v. Hendricks*, 319 F.3d 993, 1009 (7th Cir.2003). Collins argues that he is entitled to a two-level reduction because he admitted his role in the criminal activity to the officer who prepared the presentence report, with the exception of the identity of the supplier, and that he did not enter into a plea agreement due to duress. Reviewing courts owe great deference to the sentencing judge because of the judge's unique position to evaluate the defendant's acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n. 5); *see United States v. Williams*, 202 F.3d 959, 961 (7th Cir.2000). In determining whether a defendant qualifies for an acceptance of responsibility reduction, a court may consider truthful admissions or truthful denials of relevant conduct related to the charge. U.S.S.G. § 3E1.1, comment. (n. 1(a)); *see United States v. Brack*, 188 F.3d 748, 767 (7th Cir.1999). "However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, comment. (n.1(a)); *see Brack*, 188 F.3d at 767. Although a defendant who challenges the legal basis of a charge is not precluded from a reduction, the adjustment is not intended for one who denies guilt and puts the government to its

burden of proof, is found guilty at trial, and only then admits guilt and expresses remorse. U.S.S.G. § 3E1.1, comment. (n. 2); *Hendricks*, 319 F.3d at 1009. Rarely will a defendant who goes to trial merit the reduction. *See United States v. Hernandez*, 330 F.3d 964, 985 (7th Cir.2003); U.S.S.G. § 3E1.1, comment. (n. 2).

A sentencing court may consider the timeliness of the defendant's acceptance of responsibility. U.S.S.G. § 3E1.1, comment. (n.1(h)); *United States v. Webb*, 110 F.3d 444, 447 (7th Cir.1997). "Practical concerns and common sense also dictate defendants manifest their acceptance of responsibility in a timely fashion." *United States v. Akindele*, 84 F.3d 948, 957 (7th Cir.1996). In this case Collins did not accept responsibility in a timely manner, if ever. He asserted that he waited until after trial because of threats by the supplier to hurt him and his family if he cooperated with the government. He did not assert, however, that the supplier warned him against pleading guilty. Therefore, if he really had wanted to accept responsibility, he could have pleaded guilty and not agreed to cooperate with the government, which would have made the trial unnecessary but also protected the identity of the supplier. Instead, Collins pleaded not guilty and proceeded to trial. Only after the guilty verdict and just prior to sentencing did he purport to accept responsibility, but that was too late. *See Hernandez*, 330 F.3d at 985; *Hendricks*, 319 F.3d at 1009; *Williams*, 202 F.3d at 962.

Collins argues that the court failed to consider whether his case qualified as an "exceptional" case. *See* U.S.S.G. § 3E1.1, comment. (n.2) ("In rare situations, a defendant may clearly demonstrate an acceptance of responsibility for his criminal conduct even though he exercises his constitutional right to a trial."). He asserts that he went to trial under duress and thus should still receive a reduction. The court considered and rejected Collins's argument: "This is not one of those extremely unusual cases in which somebody can go to trial, put the government to its proof, and then ask for a reduction for acceptance of responsibility." As stated earlier, Collins could have pleaded guilty, accepted responsibility, and never proceeded to trial. However, he chose to go through an entire trial before ever mentioning anything about the supplier or about having been under duress. This is not an "exceptional" case where he went to trial to assert and preserve issues unrelated to factual guilt, *see id.*, but, instead, one where Collins forced the government to trial and was found guilty by the jury. Collins's acceptance of responsibility, assuming he now accepts responsibility, is too late.

AFFIRMED.