**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Chad D. BOUMAN, Defendant–**
**Appellant.**

No. 02–1118.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 20, 2002.*

Decided Nov. 21, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

## ORDER

A jury found Chad Bouman guilty of possession with intent to distribute more than 5 grams of crack, 21 U.S.C. § 841(a)(1), possession of a short-barreled shotgun in furtherance of a drug offense, 18 U.S.C. § 924(c)(1), and possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). The district court sentenced Bouman to concurrent terms of 135 and 120 months' imprisonment on the first and third counts plus a mandatory 120-month consecutive term on the second count. Bouman appealed, and his lawyer now seeks to withdraw because he believes that all grounds for appeal would be frivolous. *See Anders*

*v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and Bouman has responded under Circuit Rule 51(b), so we confine our attention to the potential issues identified by counsel and Bouman. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

■ Both counsel and Bouman initially consider potential constitutional problems with the statutes underlying the charges. The validity of the statutes was not raised in the district court, however, so we would review these arguments only for plain error. *See* Fed.R.Crim.P. 52(b). As counsel correctly notes, we have concluded that the Commerce Clause supports the provisions in 21 U.S.C. § 841 that deal with crack, and we have held that those laws do not violate either the Tenth Amendment or the Equal Protection Clause. *See United States v. Westbrook,* 125 F.3d 996, 1008–10 (7th Cir.1997). We have similarly held that the Commerce Clause sustains both 18 U.S.C. § 924(c), *see United States v. Arocho,* 305 F.3d 627, 641–42 (7th Cir. 2002), as well as 18 U.S.C. § 922(g), *see United States v. Lemons,* 302 F.3d 769, 772–73 (7th Cir.2002). And as for Bouman's suggestion that § 922(g) violates the Second Amendment, that position has been rejected as well, *United States v. Hemmings,* 258 F.3d 587, 594 (7th Cir.2001), as has his contention that the Double Jeopardy Clause prohibits cumulative penalties for violations of §§ 924(c)(1) and 922(g)(1), *see United States v. Garrett,* 903 F.2d 1105, 1114–15 (7th Cir.1990). Accordingly, an argument that it was plain error to apply these statutes would be frivolous.

■ Counsel next examines whether to contest the sufficiency of the evidence supporting Bouman's convictions. We would evaluate such claims deferentially, asking whether any rational trier of fact could have found Bouman guilty beyond a rea-

sonable doubt given the government's evidence. *See United States v. Peters*, 277 F.3d 963, 967 (7th Cir.2002). The government presented evidence that on November 10, 2000, an undercover police officer went to a crack house in Rockford, Illinois, placed $20 through a hole in the door, and received a bag of crack from Bouman. Shortly thereafter officers raided the apartment, and inside they found Bouman (fleeing out a window) along with bags of unsold crack weighing a total of 5.1 grams, a loaded short-barreled shotgun propped next to the front door, ammunition next to the gun, and a board that Bouman used to barricade the door. In addition the government presented a statement made by Bouman in which he admitted that he had been alone at the crack house selling drugs for a fellow gang member named Leroy on November 9 and 10, that in that time he had sold more than 50 bags of crack, and that Leroy had instructed him to bar the door and had demonstrated how to use the gun. The government also presented evidence that the gun had been manufactured in Massachusetts, and Bouman stipulated that he had a prior felony conviction. Bouman suggests that under *Bailey v. United States*, 516 U.S. 137, 148–50, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the government needed to show that he used the gun actively. But Congress amended 18 U.S.C. § 924(c) in 1998 to prohibit possessing a firearm "in furtherance of" a drug offense, *Gray–Bey v. United States*, 209 F.3d 986, 988–89 (7th Cir.2000) (per curiam), and Bouman was convicted under the amended statute. So we agree that a challenge to the sufficiency of the evidence would be frivolous.

Counsel next looks at several potential arguments related to sentencing. First, counsel considers whether to argue that the district court should have granted Bouman a downward departure under U.S.S.G. § 5K2.12. But as counsel points out, we would not have jurisdiction to review the contention because the district court understood that it had discretion to depart and declined to do so. *See United States v. Hirsch*, 280 F.3d 811, 813–14 (7th Cir. 2002).

■ Counsel also considers whether to pursue a claim that it was error to impose an upward adjustment for obstruction of justice. *See* U.S.S.G. § 3C1.1. The court imposed the adjustment after Bouman sent a letter from jail to one of his friends. The letter warned that the owner of the crack house, Steven McCauley, was a government informant who had implicated several of Bouman's coconspirators, including Leroy, in drug trafficking. The court concluded that Bouman sent the letter because he wanted his coconspirators to intimidate McCaulley, a potential witness in Bouman's case. *See United States v. Johnson*, 46 F.3d 636, 638–39 (7th Cir. 1995); U.S.S.G. § 3C1.1, comment. (n.4). The court also observed that by identifying McCaulley as an informant Bouman violated the pretrial orders of the magistrate judge handling his case. Because any argument that the court's findings were clearly erroneous would be frivolous, we agree with counsel that Bouman could not mount a non-frivolous challenge to the adjustment.

■ Both counsel and Bouman next discuss whether Bouman's sentence on the drug charge arguably violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As counsel observes, however, *Apprendi* would add nothing because Bouman's 135–month sentence for the drug offense is beneath the 20–year, default statutory-maximum for possessing even the smallest quantity of crack. *See* 21 U.S.C. § 841(b)(1)(C); *United States v. Williams*, 238 F.3d 871, 877 (7th Cir.2001). And in any event, even

if the sentence had exceeded 20 years–but not 40 years, *see* 21 U.S.C. § 841(b)(1)(B)–*Apprendi* would not assist Bouman since the indictment charged him with distributing more than 5 grams of crack, the jury returned a special verdict finding that he possessed that quantity, and any argument that the evidence was insufficient to support the jury's finding beyond a reasonable doubt would be frivolous. As for Bouman's suggestion that the district court lacked "jurisdiction" because of a "defect" in the indictment (Bouman believes that cocaine base is not a properly scheduled narcotic), the Supreme Court's decision in *United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1784–85, 152 L.Ed.2d 860 (2002), would render that contention frivolous.

Finally, counsel considers whether Bouman could assert ineffective assistance of counsel. Ineffective assistance claims are rarely appropriate on direct review, however, because the record is typically insufficient for a complete review. *See United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002).

The motion to withdraw is GRANTED, and the appeal is DISMISSED.